**HONG KONG DEVELOPMENT, INC., Hai Du Duong, and Phuong Truong Tu, Appellants,**

v.

**Kim Loan NGUYEN d/b/a Alpha Bakery, Appellee.**

No. 01–04–00586–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 7, 2007.

Rehearing Overruled July 13, 2007.

Bradford W. Irelan, Pamela Heckman Zettlemoyer, Irelan & Hargis, P.L.L.C., Thomas W. Sankey, Thompson & Knight LLP, E. John Gorman, Houston, TX, for Appellants.

Robert W. Higgason, Law Office of Robert W. Higgason, Woodlands, TX, Tammy Tran, Pete Mai, The Tammy Tran Law Firm Attorneys at Law, L.P., Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices TAFT and NUCHIA.

## OPINION ON REHEARING

TIM TAFT, Justice.

Appellee, Kim Loan Nguyen ("Nguyen"), has filed a motion for rehearing of the Court's opinion dated November 9, 2006. Appellants, Hong Kong Development, Inc. ("HKDI"), Hai Du Duong ("Duong"), and Phuong Truong Tu ("Tu") (collectively, "appellants") have responded to that motion. After due consideration, the Court grants Nguyen's motion for rehearing, withdraws its judgment and opinion of November 9, 2006, and issues this opinion and judgment in their stead.

Appellants appeal from a judgment, rendered upon a jury verdict, in favor of Nguyen for $15,312.58 in actual damages against HKDI and Duong, jointly and severally; $200,000 in punitive damages against each of HKDI and Duong; and

$79,900 in attorney's fees against all three appellants, jointly and severally. We determine (1) over what appellate challenges we have jurisdiction; (2) whether the trial court erred in consolidating an appeal pending before it in a forcible-detainer suit with a suit in which Nguyen, invoking the court's original jurisdiction, had asserted various tort and declaratory claims; (3) whether the error in consolidating the suits, if any, was rendered moot; (4) whether the evidence is legally sufficient to support liability, actual damages, and punitive damages against HKDI and Duong; (5) whether Tu had a duty to indemnify Nguyen for her attorney's fees; and (6) whether the trial court erred in rendering judgment for attorney's fees that Nguyen's expert did not segregate among claims and defenses for which fees were recoverable and those for which they were not. We reverse the judgment in part, affirm it in part, and remand the cause for limited proceedings.

## Background

Tu and Nguyen were sisters-in-law. Tu, Nguyen, and Nguyen's sister entered into a partnership to run a bakery and sandwich shop called Alpha Bakery. In February of that same year, Tu and Nguyen leased space for their business in HKDI's shopping mall. The lease that they executed with HKDI ("the lease agreement") listed Tu and Nguyen as "Tenant" and contained the following provisions:

### 24. ASSIGNMENT AND SUBLETTING BY TENANT

24.1 Tenant shall not assign this Lease, or any interest therein, ... without first obtaining the written consent of Landlord.... Any assignment ... without the prior written consent of Landlord shall be void and shall, at the option of Landlord, terminate this Lease. This Lease shall not, nor shall any interest therein, be assignable, as to the interest of Tenant, by operation of law, without the prior written consent of Landlord. However, it is further understood and agreed that Tenant shall not sell, convey, or assign any interest in the corporation [sic] without prior written approval from Landlord, and if Landlord does not agree to the sale, conveyance or assignment of the corporation [sic], Landlord may, at Landlord's option, terminate this Lease.

. . . .

### 57. MISCELLANEOUS

57.2 Acceptance of Rental by Landlord from Tenant or any assignee, subtenant or other successor in interest of Tenant, or the payment or tender of any Rental to Landlord, with or without notice, shall never be construed as a waiver of any breach of any term, condition or covenant of this Lease. The failure of Landlord to declare any Event of Default upon the occurrence thereof, or any delay by Landlord in taking action with respect thereto shall not waive such default, but Landlord shall have the right to declare such default at any time and to take such action as may be authorized hereunder to the extent herein provided.

Duong, HKDI's president and owner, signed the lease agreement on behalf of HKDI.

Tu's and Nguyen's relationship soured a few years later, about the time that Nguyen and her husband, Tu's brother, began divorce proceedings. The partners' dispute led to a lawsuit ("the partnership suit"), and the partnership eventually went into receivership. The jury in the partnership suit awarded Nguyen and her sister, also a partner, 70% of the partnership; awarded Tu 30% of the partnership; and awarded actual damages to Nguyen and

attorney's fees to Nguyen and her sister.[1] In a separate receivership sale of Alpha Bakery, Nguyen purchased the business. Final paperwork for the sale was drawn up, including a contract assigning Tu's lease interest to Nguyen ("the lease assignment"), as well as a contract assigning Tu's partnership interest to Nguyen ("the partnership assignment"). No one obtained HKDI's consent to the lease assignment, despite the lease agreement's requirement that HKDI's written consent be obtained as a precondition to any assignment of the leasehold interest. Nonetheless, Nguyen and Tu signed the documents, including the lease assignment.

In a nutshell, Nguyen's position in the current suit was that she and Tu had signed the lease assignment without HKDI's written consent under duress because the trial court in the partnership suit had ordered them to sign it under threat of contempt. She also alleged that Tu's counsel in the partnership suit, who had represented HKDI in other matters, had implied in the partnership suit that he was representing both Tu and HKDI and that HKDI would not object to the assignment. Nguyen also took the position in the current lawsuit that Tu, HKDI, and Duong had conspired, for various reasons, to have the parties execute the lease assignment without first obtaining HKDI's written consent so that Nguyen could be declared in default, HKDI could evict her, and Tu could open a competing restaurant in the same mall. HKDI, Duong, and Tu disputed the validity of Nguyen's theories.

In May 2003, HKDI notified Nguyen and Tu that they were in default under the lease because HKDI's consent had not

been obtained to the lease assignment and instructed them to vacate the premises. Later that month, Nguyen sued HKDI, Duong, and Tu in Harris County Civil Court at Law No. 3 ("the tort suit").[2] Nguyen (1) sought a declaration that the lease assignment from Tu to Nguyen was not a breach of the lease agreement; (2) asserted a cause of action for breach of fiduciary duty against Tu; (3) asserted a cause of action for conspiracy against all appellants, alleging that they had conspired in order for Tu to run Nguyen's restaurant out of business so that Tu could operate an allegedly competing restaurant within Hong Kong Market; and (4) sought actual damages of "less than $100,000," exemplary damages, attorney's fees, and injunctive relief. Two months later, Nguyen filed a first supplemental petition in the tort suit, seeking a declaration—as an apparent alternative to a declaration that the lease assignment had not breached the lease agreement—that the lease assignment was void for having been executed under the "extreme duress" of the threat of contempt in the partnership suit. All appellants answered, and HKDI and Duong asserted a counter-claim against Nguyen for sanctions for the filing of a frivolous lawsuit.

In July 2003, HKDI filed suit, against both Tu and Nguyen, for forcible detainer in a Harris County justice of the peace court, seeking possession of the leasehold property ("the forcible-detainer suit"). *See* TEX. PROP.CODE ANN. § 24.002 (Vernon 2000). Although the record does not show how the justice court disposed of the forcible-detainer suit, HKDI asserts, without

---

1. The Fourteenth Court of Appeals affirmed the judgment in the partnership suit. *Phuong Truong–Tu v. Kim Loan Nguyen*, No. 14–02–00461–CV, 2004 WL 162941 (Tex.App.-Houston [14th Dist.] Jan. 29, 2004, pet. denied) (memo. op.).

2. *Kim Loan Nguyen v. Hong Kong Dev.*, No. 793769 (County Civ.Ct. at Law No. 3, Harris County, Tex.).

dispute, that it confessed judgment and then immediately appealed to County Civil Court at Law No. 1.[3] *See* Tex.R.App. P. 38.1(f) ("In a civil case, the court will accept as true the facts stated [in the appellant's brief] unless another party contradicts them."); *Mullins v. Coussons,* 745 S.W.2d 50, 50 (Tex.App.-Houston [14th Dist.] 1987, no writ) (holding that rendition of agreed judgment in justice court in forcible-detainer suit does not deprive county court of jurisdiction to hear case, when appealed, in trial *de novo*). Both Tu and Nguyen answered in the county civil court at law in the forcible-detainer suit. On October 2, 2003, Nguyen asserted counter-claims in the forcible-detainer suit against HKDI, cross-claims against Tu, and "cross-claims"—which were actually third-party claims—against Duong, who had theretofore not been a party in the forcible-detainer suit.[4] Nguyen alleged (1) that Tu and Duong had tortiously interfered with her contractual relations; (2) that Tu had breached her fiduciary duty to Nguyen; (3) that all appellants had unfairly competed with her; and (4) that all appellants had conspired to evict her. On her counter-, cross-, and third-party claims in the forcible-detainer suit, Nguyen sought actual damages of "less than $100,000," exemplary damages, and attorney's fees. HKDI answered Nguyen's counter-claims against it, but Duong did not. Although the clerk's record does not show this, HKDI and Duong assert on appeal, without contradiction by Nguyen, that Nguyen never served Duong on her third-party claim. *See* Tex.R.App. P. 38.1(f).

On October 10 and 15, 2003, respectively, Tu and HKDI moved in the forcible-detainer suit to strike or to sever Nguyen's counter-claims, cross-claims, and third-party claims, arguing that the county civil court at law had no subject-matter jurisdiction to consider these matters in a forcible-detainer suit. On October 16, 2003, Nguyen moved in the forcible-detainer suit to consolidate the tort suit and the forcible-detainer suit, which motion HKDI opposed in writing, while also reurging its earlier-filed motion to strike or to sever.

In the meantime, on October 16, 2003 in the forcible-detainer suit, Nguyen filed her first amended counter-claim, cross-claim, and third-party claim, this time omitting Duong as a named party. This amendment occurred before the court in the forcible-detainer suit had ruled on Nguyen's motion to consolidate.

On October 23, 2003, the trial court in the forcible-detainer suit signed an order consolidating the two lawsuits and ordering the tort suit transferred to County Civil Court at Law No. 1, the court to which the forcible-detainer suit had been appealed ("the consolidated suit"). From that point forward, Nguyen supplemented her petition once on the day that trial began, and she was twice granted leave, over HKDI's and Duong's various objections, to conform the pleadings to the evidence. One of these post-trial amendments re-added Duong as a third-party defendant to Nguyen's third-party claims that had been asserted in the forcible-detainer suit before consolidation. After consolidation, Tu also asserted a counter-claim and a cross-claim against Nguyen for

---

**3.** *Hong Kong Dev., Inc. v. Kim Loan Nguyen,* No. 802024 (County Civ.Ct. at Law No. 1, Harris County, Tex.). This was the same county court that had heard the partnership suit between Nguyen and Tu.

**4.** Nguyen also asserted a third-party claim against another individual, but she dropped that individual from the suit in later pleadings.

indemnity based on a provision in the lease assignment.

By virtue of her pleadings filed in the separate suits before consolidation, and by virtue of the pre-trial and post-trial amendments that the trial court allowed in the consolidated suit, Nguyen pleaded the following claims, requests for relief, and defenses in the consolidated suit: [5]

- a declaration that the lease assignment from Tu to Nguyen was not a breach of the lease agreement with HKDI;

- a declaration—as an apparent alternative to a declaration that the lease assignment had not breached the lease agreement—that the lease assignment was void for having been executed under the "extreme duress" of the threat of contempt in the partnership suit;

- breach of fiduciary duty by Tu;

- conspiracy against all appellants, asserting that they had conspired to evict her;

- tortious interference with contractual relations by Tu and Duong;

- unfair competition against all appellants;

- indemnity against Tu, under theories that Tu had breached a contract and that Tu owed indemnity for attorney's fees under the documents signed in the partnership suit; and

- waiver and estoppel, as defenses to HKDI's position that it was entitled to possession because Nguyen had breached the lease agreement with HKDI by virtue of the lease assignment.

Not all of the claims went to the jury, however. The pertinent jury questions and answers were as follows:

| # | Question | Answer |
|---|---|---|
| 1 | Whether any of the following excused the lease assignment, executed without HKDI's prior written consent, from Tu to Nguyen:<br>a. duress<br>b. waiver<br>c. estoppel | <br><br><br>a. Yes<br>b. Yes<br>c. Yes |
| 2 | Whether HKDI breached the lease agreement | No |
| 3 | --- | --- |
| 4 | Whether Tu breached her fiduciary duty to Nguyen | Yes |
| 5 | What the damages that arose from Tu's breach of fiduciary duty were | $0.00 |
| 6 | Whether Duong wrongfully interfered with Nguyen's contractual relations | Yes |
| 7 | What the damages that arose from Duong's tortious interference were | Nguyen's costs to defend her right to the leased premises: $49,266.66<br><br>Nguyen's past mental anguish: $15,000.00 |
| 8 | Whether Duong was part of a conspiracy that damaged Nguyen (not predicated on any question) | Yes |
| 9 | Whether HKDI was part of a conspiracy that damaged Nguyen (not predicated on any question) | Yes |
| 10 | Whether Tu was part of a conspiracy that damaged Nguyen (not predicated on any question) | No |
| 11 | Whether clear and convincing evidence showed that Duong's malice harmed Nguyen (predicated on question 8) | Yes |
| 12 | --- | --- |
| 13 | What Nguyen's attorney's fees were (predicated on question 11) | for preparation and trial: $73,900.00<br><br>for post-trial motions: $6,000.00 |

5. At one time in the consolidated suit, Nguyen had also sued HKDI's and Duong's law firm, seeking to enjoin it from communicating with her in alleged violation of the Texas Disciplinary Rules of Professional Conduct. However, Nguyen later non-suited that claim.

for appeals to
higher courts:
$0.00

In the punitive-damages phase of trial, the jury awarded Nguyen $1 million against Duong and the same amount against HKDI.

 Nguyen moved for judgment on the verdict; HKDI and Duong filed objections to Nguyen's motion for entry of judgment; and HKDI and Duong filed a competing motion for entry of judgment, requesting that Nguyen take nothing on her claims and that HKDI be awarded possession.[6] Nguyen's motion for entry of judgment was implicitly granted, and HKDI and Duong's objections and motion for judgment were implicitly overruled, by entry of judgment that

- declared that the lease assignment between Tu and Nguyen did not breach the lease agreement with HKDI;

- declared that Tu had to indemnify Nguyen for Nguyen's attorney's fees;

- awarded Nguyen possession of the leased premises;

- awarded Nguyen $15,312.58 in actual damages and interest against HKDI and Duong, jointly and severally;[7]

- awarded Nguyen $79,900 in attorney's fees against all appellants, jointly and severally;

- reduced the exemplary damages and awarded $200,000 in exemplary damages against each of HKDI and Duong; and

- rendered a take-nothing judgment on all appellants' claims against Nguyen.

See TEX.R.APP. P. 33.1(a)(2)(A) (allowing error to be preserved by express or implied ruling on motion); *First Nat'l Indem. Co. v. First Bank & Trust of Groves, Tex.*, 753 S.W.2d 405, 407 (Tex.App.-Beaumont 1988, no writ) (holding that appellant

---

6. We construe HKDI and Duong's objections to Nguyen's motion for entry of judgment as a pre-judgment motion for judgment notwithstanding the verdict ("JNOV") or to disregard jury findings because the objections did more than merely point out errors in Nguyen's proposed judgment. *See State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) ("We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it."); *Sandles v. Howerton*, 163 S.W.3d 829, 836 (Tex.App.-Dallas 2005, no pet.) (indicating that "a motion should be governed by its substance and not merely by its title"). For instance, HKDI and Duong's "objections" (1) requested that the trial court rule in their favor, (2) stated reasons that the verdict should be disregarded, (3) argued that no evidence supported certain jury findings, and (4) raised legal bars to the rendition of judgment on the jury's findings. *See* 6 ROY W. MCDONALD & ELAINE A. GRAFTON CARLSON, TEXAS CIVIL PRACTICE §§ 8:14–8:18, at 218–25 (2d ed.1998) (setting out function of motion to disregard jury findings and motion for JNOV and what appellate complaints those motions preserve). Moreover, HKDI and

Duong's objections were filed simultaneously with their motion for entry of judgment, which incorporated by reference their objections, requested a take-nothing judgment on Nguyen's claims and an award of possession, and recited that the court was disregarding various jury findings. HKDI and Duong's objections and motion for entry of judgment thus together constituted a pre-judgment request for affirmative relief.

7. The trial court did not render judgment for the $49,266.66 that the jury had found that Nguyen, as a result of Duong's tortious interference, had incurred in costs defending her right to the leased premises. Therefore, the sole actual damages that the court awarded Nguyen for Duong's tortious interference (and for HKDI's and Duong's conspiracy) was $15,000 in mental-anguish damages. The parties both represent on appeal that Nguyen elected to recover mental-anguish damages and attorney's fees, rather than also recovering damages for defending possession. Nguyen further represents on appeal that she did so in order "to ensure that there was no double recovery" between the attorney's fees and the costs of defending possession.

failed to preserve challenge to rendition of unpleaded interest rate when it failed to except to opposing party's motion for entry of judgment requesting unpleaded interest rate or to move to limit judgment to pleaded rate); *cf. Lenz v. Lenz,* 79 S.W.3d 10, 13 (Tex.2002) (holding that appellant preserved complaint raised in pre-judgment JNOV because trial court implicitly ruled on JNOV motion by virtue of substance of its judgment that was later rendered); *Second Injury Fund v. Tomon,* 853 S.W.2d 654, 659 (Tex.App.-Houston [14th Dist.] 1993, writ denied) (noting that finding on matter omitted from jury charge would not be deemed in plaintiff's favor when defendant objected at first opportunity, which was at hearing on plaintiff's motion to enter judgment). After judgment, Tu moved for JNOV, as did HKDI and Duong. HKDI and Duong's post-judgment JNOV motion was heard by the trial court, but no order disposing of it appears in the record.[8]

### HKDI and Duong's Appeal

As preliminary matters on appeal, HKDI and Duong raise various challenges that they assert concern jurisdictional matters relating to allegations in the forcible-detainer suit that were carried forward after consolidation. Alternatively, they raise other challenges that they assert concern non-jurisdictional matters relating to allegations in the tort suit that were carried forward or added after consolidation.

**A. Our Appellate Jurisdiction to Consider HKDI and Duong's Various Challenges**

Determining which of HKDI and Duong's various appellate challenges we may consider is complicated by the facts that the two suits were consolidated; that in one suit, the county court exercised appellate jurisdiction; that in the other suit, the county court exercised original jurisdiction; that in both suits, the parties sought, among other things, a determination of the right to possession; that the suits were tried together after consolidation; and that one judgment was rendered in the consolidated cause and included, among other determinations, a determination of the right to possession. We first examine our appellate jurisdiction over judgments in suits in which the county court exercises appellate jurisdiction (specifically, forcible-detainer suits), our appellate jurisdiction over judgments in suits in which the county court exercises original jurisdiction, and the effect on our appellate jurisdiction of the consolidation here.

**1. Our Jurisdiction in Appeals from a Forcible–Detainer Judgment in County Court**

■ On appeal from a forcible-detainer judgment, we have no jurisdiction to consider the issue of possession if, as is the case here, the disputed premises were used for commercial purposes. Tex. Prop. Code Ann. § 24.007 (Vernon 2000) ("A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only."); *Carlson's Hill Country Beverage, L.C. v. Westinghouse Rd. Joint Venture,* 957 S.W.2d 951, 952–53 (Tex.App.-Austin 1997, no pet.). The prohibition against considering possession includes consideration of any finding "essential to the issue

---

8. An unsigned docket-sheet entry recites, "8/13/04 M4 JNOV—Denied *No order."* However, we generally may not consider recitations in the docket sheet as rulings. *In re* *Bill Heard Chevrolet,* 209 S.W.3d 311, 315 (Tex.App.-Houston [1st Dist.] 2006, orig. proceeding).

of," [9] "dependent on," [10] or "primarily concerned with the issue of" [11] possession. In sum, had the cases not been consolidated, we would have been able to review only limited issues in an appeal of the judgment rendered in the forcible-detainer suit.

### 2. Our Jurisdiction in Appeals from Other Judgments in County Court

In contrast, our appellate jurisdiction is generally not so limited in an appeal of a county court judgment outside the forcible-detainer context. *See* TEX. GOV'T CODE ANN. § 22.220(a) (Vernon 2004) ("Each court of appeals has appellate jurisdiction of all civil cases within its district of which the district courts or county courts have jurisdiction when the amount in controversy or the judgment rendered exceeds $100, exclusive of interest and costs."). Therefore, had the cases not been consolidated, we would have had plenary appellate jurisdiction to review virtually any issue asserted to challenge a judgment rendered in the tort suit.

### 3. The Effect of Consolidation on Our Appellate Jurisdiction

■ Our jurisdiction to consider HKDI and Duong's various appellate challenges is affected by the consolidation of the forcible-detainer and tort suits. Two types of consolidation exist: true consolidation and consolidation for trial. *See* 3 ROY W. MC-DONALD & ELAINE A. GRAFTON CARLSON, TEX-AS CIVIL PRACTICE § 17:25, at 775 (2d ed.2000) [hereinafter "McDONALD & CARL-SON"]; *see also* 7 WILLIAM V. DORSANEO III, TEXAS LITIGATION GUIDE § 112.01[1][a]

(1999) [hereinafter "DORSANEO"]. True consolidation, as occurred here, involves merging separate suits into a single proceeding under one docket number. Mc-DONALD & CARLSON, *supra*, at 775. "'When actions are properly consolidated they become merged and are thereafter treated as one suit....'" *Perry v. Del Rio*, 53 S.W.3d 818, 825 n. 6 (Tex.App.-Austin 2001) (quoting 1 TEX. JUR. 3d *Actions* § 77 (1993)), *pet. dism'd*, 66 S.W.3d 239 (Tex. 2001); *see Rust v. Tex. & Pac. Ry. Co.*, 107 Tex. 385, 387, 180 S.W. 95, 95 (1915) ("In the present case, the order of consolidation having been properly made, there remained *no separable cause of action*. It became but one suit...."). Therefore, when a court orders true consolidation of two or more cases, the actions are merged and thereafter proceed as a single action. *See Rust*, 107 Tex. at 387, 180 S.W. at 95; *Perry*, 53 S.W.3d at 825 n. 6; McDONALD & CARLSON, *supra*, at 775. Here, a single judgment was rendered after consolidation, and it is that judgment that HKDI and Duong appeal.[12]

■ We hold as follows. In this appeal from the single judgment in the consolidated suit, we have the limited appellate jurisdiction provided by Texas Property Code section 24.007 to consider challenges to matters raised *solely* by the forcible-detainer pleadings. *See* TEX. PROP.CODE ANN. § 24.007. In contrast, we have plenary appellate jurisdiction to consider challenges to matters raised by the tort-suit pleadings, regardless of whether those matters

---

9. *Volume Millwork, Inc. v. West Houston Airport Corp.*, 218 S.W.3d 722, 727 (Tex.App.-Houston [1st Dist.] 2006, pet. denied); *Carlson's Hill Country Beverage, L.C. v. Westinghouse Rd. Joint Venture*, 957 S.W.2d 951, 952–53 (Tex.App.-Austin 1997, no pet.).

10. *Rice v. Pinney*, 51 S.W.3d 705, 707 (Tex. App.-Dallas 2001, no pet.).

11. *Powell v. Mel Powers Inv. Builder*, 590 S.W.2d 837, 839 (Tex.Civ.App.-Houston [14th Dist.] 1979, no writ).

12. After consolidation here, the two cases retained their original cause numbers, but one judgment was issued disposing of both cases, and their treatment indicates that this was a true consolidation.

were also raised by the forcible-detainer pleadings. For each of HKDI and Duong's challenges discussed below, we state separately whether we have jurisdiction to consider them.

**B. The Counter–Claim and Third–Party Claim Asserted in the Forcible–Detainer Suit Against HKDI and Duong Before Consolidation**

■ In issue one, HKDI and Duong argue that the trial court lacked subject-matter jurisdiction to adjudicate Nguyen's counter-claims against HKDI and her third-party claims against Duong that she had asserted in the forcible-detainer suit before consolidation. Specifically, they argue that the county civil court at law, sitting as an appellate court in the forcible-detainer suit, lacked subject-matter jurisdiction to consider the counter-claims and third-party claims because those claims (1) exceeded the justice court's jurisdiction, (2) fell outside the scope of claims allowed in a forcible-detainer suit, and (3) were impermissibly raised for the first time on appeal to the county civil court at law. Additionally, HKDI and Duong argue that the trial court lacked subject-matter jurisdiction to award actual damages over the justice court's $5,000 damages cap, and to award exemplary damages at all, in the forcible-detainer suit. For these reasons, HKDI and Duong argue that the trial court erred in not severing or striking the complained-of counter-claims and third-party claims from the forcible-detainer suit before consolidation. We have jurisdiction to consider these challenges because, although they concern matters in the pre-consolidation forcible-detainer suit, they relate to the county civil court at law's subject-matter jurisdiction and thus do not concern the issue of possession. *See Gibson v. Dynegy Midstream Servs., L.P.*, 138 S.W.3d 518, 521 (Tex.App.-Fort Worth 2004, no pet.); *Rice v. Pinney*, 51 S.W.3d

705, 708 (Tex.App.-Dallas 2001, no pet.) ("Section 24.007 does not preclude appellate review of a county court at law's subject matter jurisdiction" because such challenges concern county court's "authority to decide this case regardless of how it resolved the possession issue.").

**1. What May Be Determined in a Forcible–Detainer Suit**

■ "The procedure to determine the right to immediate possession of real property, if there was no unlawful entry, is the action of forcible detainer." *Rice*, 51 S.W.3d at 709; *see* TEX. PROP.CODE ANN. § 24.002 (defining forcible detainer). "To prevail in a forcible detainer action, a plaintiff is not required to prove title but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Ward v. Malone*, 115 S.W.3d 267, 270 (Tex.App.-Corpus Christi 2003, pet. denied). For these reasons, "a judgment of possession in a forcible detainer action is a determination only of the right to immediate possession and does not determine the ultimate rights of the parties to any other issue in controversy relating to the realty in question." *Lopez v. Sulak*, 76 S.W.3d 597, 605 (Tex.App.-Corpus Christi 2002, no pet.); *see Martinez v. Beasley*, 572 S.W.2d 83, 85 (Tex.Civ.App.-Corpus Christi 1978, no writ). Prior to consolidation, the forcible-detainer suit was purely one for forcible detainer, that is, to determine the right to immediate possession.

■ Justice courts have original jurisdiction over forcible-detainer suits. *See* TEX. PROP.CODE ANN. § 24.004 (Vernon 2000); *see also* TEX. GOV'T CODE ANN. § 27.031(a)(2) (Vernon 2004). Any party dissatisfied with a justice-court judgment in such a suit may appeal to the county

court,[13] in which trial is *de novo. See* TEX.R. CIV. P. 749. On appeal in a forcible-detainer suit, the county court exercises appellate, not original, jurisdiction. The county court's appellate jurisdiction is generally confined to the limits of the justice court (with the exception of the specific damages noted below), and the county court has no jurisdiction over a forcible-detainer appeal unless the justice court did. *Ward,* 115 S.W.3d at 269.

"An action of forcible entry and detainer is a special proceeding and as such is governed by the special statutes and rules applicable thereto." *Haginas,* 163 Tex. 274, 277, 354 S.W.2d 368, 371 (1962); *accord Rice,* 51 S.W.3d at 709. "Forcible-entry-and-detainer actions provide a speedy, summary, and inexpensive determination of the right to immediate possession of real property." *Volume Millwork, Inc.,* 218 S.W.3d at 726; *Meridien Hotels, Inc. v. LHO Fin. P'ship I, L.P.,* 97 S.W.3d 731, 737 (Tex.App.-Dallas 2003, no pet.); *see McGlothlin v. Kliebert,* 672 S.W.2d 231, 232 (Tex.1984). The Texas Rules of Civil Procedure ensure the speedy, summary, and inexpensive nature of forcible-detainer suits. *See Meridien Hotels, Inc.,* 97 S.W.3d at 737; *see also* TEX.R. CIV. P. 739, 740, 745, 746, 748, 749 (all requiring expedited or streamlined procedures in forcible-entry and forcible-detainer suits).

Because of this purpose, the sole issue to be determined in a forcible-detainer or forcible-entry suit is the entitlement to actual and immediate posses-sion. *See* TEX.R. CIV. P. 746; *Haginas,* 354 S.W.2d at 371. Nonetheless, the rules do vest the justice or county courts in such suits with jurisdiction over a few other limited matters. For example, a suit for rent may be joined with an action for forcible entry or detainer, as long as the claim for rent falls within the justice court's jurisdiction. TEX.R. CIV. P. 738; *Haginas,* 354 S.W.2d at 371. Additionally, in trial *de novo* on appeal to the county court, "the appellant or appellee shall be permitted to plead, prove and recover his damages, if any, suffered for withholding or defending possession of the premises during the pendency of the appeal," although only the party prevailing in the county court may recover these damages. TEX.R. CIV. P. 752. Such damages include, but are not limited to, loss of rents during the appeal's pendency and reasonable attorney's fees in the justice and county courts, and the prevailing party in the county court may also recover costs. *Id.* The damages that may be sought under rule 752 are only those "suffered as a direct result of withholding or defending possession." *Hanks v. Lake Towne Apartments,* 812 S.W.2d 625, 627 (Tex.App.-Dallas 1991, writ denied). Under rule 752, a party may recover the specified damages "regardless of the amount so long as [the prevailing party] can prove such damages." *Haginas,* 354 S.W.2d at 372. In other words, in a trial *de novo* in a forcible-detainer proceeding on appeal in county court, a prevailing party may recover the damages allowed by rule 752 even if

---

**13.** Texas Rule of Civil Procedure 749 derives from 1925 Revised Statutes article 3987: "Either party may appeal from a final judgment in such case, to the county court of the county in which the judgment is rendered...." Revised Statutes, 39th Leg., R.S., § 1, art. 3987, 1925 Tex.Rev.Civ. Stat. 2, 1082. The 1925 Revised Statutes used the term "county court" to refer both to the constitutional county court and to the statutory county court. *See generally* Revised Statutes, 39th Leg., R.S., § 1, arts.1927–1970, 1925 Tex.Rev. Civ. Stat. 2, 532–539 (title 41, Courts–County, defining duties and powers of county court). Rule 749 thus allows an appeal to either the constitutional county court or the statutory county court.

the amount of those damages exceeds the amount-in-controversy limit of the county court's original jurisdiction. *Id.*

■ The county and justice courts lack subject-matter jurisdiction in a forcible-detainer suit to adjudicate matters other than those listed in the immediately preceding paragraphs. *See, e.g., Krull v. Somoza,* 879 S.W.2d 320, 322 (Tex.App.-Houston [14th Dist.] 1994, writ denied) (holding that damages claims related to maintaining or obtaining possession of disputed premises may be joined with forcible-detainer suit and litigated in county court, but that damages for other causes of action cannot be maintained in same suit); *Hanks,* 812 S.W.2d at 627 (holding that county court lacked subject-matter jurisdiction over tenant's counter-claims for wrongful retention of rental security deposit that had been asserted on appeal in forcible-detainer suit); *Rushing v. Smith,* 630 S.W.2d 498, 499–500 (Tex.App.-Amarillo 1982, no writ) (holding that county court lacked subject-matter jurisdiction over cross-claims for damages to recover for certain farming work that had been done, which damages were unrelated to expenses in defending possession, on appeal in forcible-detainer suit).[14] This result obtains because "[t]he jurisdiction of the County Court is of a dual nature[:] one original and the other appellate from the Justice Court." *Neal v. Beck Funeral Home,* 131 S.W.2d 778, 779 (Tex.Civ.App.-Fort Worth 1939, writ dism'd) (holding same in appeal to county court from justice court in suit

other than one for forcible detainer). When a county court acquires only appellate jurisdiction in a given suit, it may not, absent authorization by statute or rule, determine any matter acquired by virtue of its original jurisdiction in that same suit. *See id.* at 780.

### 2. Discussion

■ Prior to consolidation, Nguyen alleged against HKDI and Duong in the forcible-detainer suit (by counter-claim or third-party claim asserted for the first time on appeal to the county court at law) that (1) Duong had tortiously interfered with her contractual relations; (2) all appellants had unfairly competed with her; and (3) all appellants had conspired to evict her. She also sought actual damages of "less than $100,000," exemplary damages, and attorney's fees.

Under the law set out above, the county court at law, before consolidation, had no subject-matter jurisdiction over these claims because it was exercising its appellate jurisdiction over the forcible-detainer suit appealed from the justice court. None of the matters that Nguyen pleaded concerned the right to immediate possession. *See* TEX.R. CIV. P. 746 (providing that right to possession is sole issue determined in forcible-detainer or forcible-entry suit). Neither were they an attempt to collect rent. *See* TEX.R. CIV. P. 738 (allowing suit for rent to be adjudicated with forcible-detainer suit, provided that rent sought is within justice court's jurisdiction). Additionally, as she had pleaded her

14. We distinguish the authority on which Nguyen relies for the contrary proposition. In *West Anderson Plaza v. Feyznia,* the county court considered the merits of a DTPA counter-claim asserted on appeal in a forcible-detainer action without mentioning its lack of jurisdiction over that claim. *See id.,* 876 S.W.2d 528, 531–36 (Tex.App.-Austin 1994, no writ). Neither did the *Feyznia* court address the limited jurisdiction applicable to

forcible-detainer suits. *See id., passim.* The same is true of the court in *Anarkali Enterprises, Inc. v. Riverside Drive Enterprises, Inc.,* 802 S.W.2d 25, 27–28 (Tex.App.-Fort Worth 1990, no writ). Simply put, the *Anarkali Enterprises, Inc.* and *Feyznia* courts did not discuss the jurisdictional issue before us, whereas the cases on which we have relied in this paragraph did so expressly.

tort claims, Nguyen did not expressly seek, or limit her damages to, damages "suffered for withholding or defending possession of the premises during the pendency of the appeal." Tex.R. Civ. P. 752; *see Krull,* 879 S.W.2d at 322 (holding that, under rule 752, damages unrelated to maintaining or obtaining possession of disputed premises may not be joined with forcible-detainer suit in county court). Because she did not seek rule–752 damages-which pleading would have allowed her to seek more than the $5,000 amount-in-controversy limit applicable to many appeals from justice court[15]—the fact that Nguyen sought up to $100,000 also took her tort claims outside of the county court's appellate jurisdiction. *Compare* Tex. Gov't Code Ann. § 27.031(a)(1) (setting amount-in-controversy civil jurisdiction of justice courts at $5,000 maximum, excluding interest) *with id.* § 25.0003(c)(1) (Vernon 2004) (setting amount-in-controversy civil jurisdiction of statutory county courts at $100,000 maximum, excluding interest, statutory or punitive damages or penalties, and attorney's fees and costs). Finally, exemplary damages do not fall within those damages authorized in forcible-detainer suits. *See* Tex.R. Civ. P. 746, 752. Simply put, there is no way to construe Nguyen's counter-claims and third-party claims that she asserted in the forcible-detainer suit against HKDI and Duong before consolidation so that the county court could have exercised jurisdiction over them.[16]

When a court lacks subject-matter jurisdiction over some claims, but not others, it should sever or dismiss those claims over which jurisdiction is lacking. *See Thomas v. Long,* 207 S.W.3d 334, 338 (Tex.2006) ("[I]t is proper for a trial court to dismiss claims over which it does not have subject matter jurisdiction but retain claims in the same case over which it has jurisdiction.") (citing *Am. Motorists Ins. Co. v. Fodge,* 63 S.W.3d 801, 805 (Tex. 2001)); *Fandey v. Lee,* 880 S.W.2d 164, 169 (Tex.App.-El Paso 1994, writ denied) (indicating in dictum that counter-claims for fraud and to quiet title were properly severed from forcible-detainer suit). HKDI and Duong moved, before consolidation, to strike or to sever all of Nguyen's claims in the forcible-detainer suit. Although severance rulings are reviewable for abuse of discretion,[17] it is an inherent abuse of discretion to misapply the law—such as, for example, when a court exercises jurisdiction over a matter over which it has none. *See Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992); *see also Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002) (providing that question of whether court has subject-matter jurisdiction is question of law). Additionally, to the extent that the court's rulings (here, the motion to strike or to sever)

---

**15.** *See Carlson's Hill Country Beverage, L.C.,* 957 S.W.2d at 954; *cf. Haginas v. Malbis Mem'l Found.,* 163 Tex. 274, 278, 354 S.W.2d 368, 371 (1962). *Compare Ward v. Malone,* 115 S.W.3d 267, 269 (Tex.App.-Corpus Christi 2003, pet. denied) (indicating that, generally, county court's appellate jurisdiction is confined to limits of justice court and that county court has no jurisdiction over forcible-detainer appeal unless justice court did); Tex. Gov't Code Ann. § 27.031(a)(1) (Vernon 2004) (setting amount-in-controversy civil jurisdiction of justice courts at $5,000 maximum, excluding interest).

**16.** Because there was no subject-matter jurisdiction over any counter-claims or third-party claims that Nguyen asserted in the forcible-detainer suit, before consolidation, against HKDI or Duong, it is immaterial whether the county civil court at law in that suit had personal jurisdiction over Duong—which Duong argues was lacking over him at that time.

**17.** *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 658 (Tex.1990).

allowed the exercise of jurisdiction over matters in the forcible-detainer appeal over which the court lacked jurisdiction, we review those rulings *de novo. See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex.2004) ("Appellate courts reviewing a challenge to a trial court's subject matter jurisdiction review the trial court's ruling *de novo.*").

### 3. Mootness

■■■ Nonetheless, the jurisdictional error committed before consolidation was rendered moot by the consolidation.

■■■ "An eviction suit does not bar a suit for trespass, damages, waste, rent, or mesne profits." TEX. PROP.CODE ANN. § 24.008 (Vernon 2000). Additionally, "[a] judgment or a determination of fact or law in a proceeding in ... justice of the peace court is not res judicata and does not constitute a basis for estoppel by judgment in a proceeding in a ... statutory county court." TEX. CIV. PRAC. & REM.CODE ANN. § 31.005 (Vernon 1997). That is, a forcible-detainer action is cumulative of, not exclusive of, other remedies that a party may have. *McGlothlin*, 672 S.W.2d at 233; *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 558 (Tex.App.-San Antonio 2001, pet. dism'd w.o.j.); *Rice*, 51 S.W.3d at 709. "If all matters between the parties cannot be adjudicated in the justice court in which the forcible entry and detainer proceedings are pending due to the justice court's limited subject matter jurisdiction, then either party may maintain an action in a court of competent jurisdiction for proper relief." *McGlothlin*, 672 S.W.2d at 233; *accord Rushing*, 630 S.W.2d at 500.

■■■ For these reasons, a forcible-detainer suit in justice court may run concurrently with another action in another court—even if the other action adjudicates matters that could result in a different determination of possession from that rendered in the forcible-detainer suit. *See Villalon v. Bank One*, 176 S.W.3d 66, 70–71 (Tex.App.-Houston [1st Dist.] 2004, pet. denied) (indicating that suit to determine wrongful foreclosure, which concerned title, could have been pursued in separate proceeding concurrently with forcible-detainer suit); *see also Meridien Hotels, Inc.*, 97 S.W.3d at 738 (holding that trial court properly issued writ of mandamus to compel justice court to vacate order abating forcible-detainer suit until district court—which had issued interlocutory order declaring that tenants had defaulted under lease, that landlord had right to terminate lease, and that tenants no longer had right to possession—had rendered final judgment). Matters relating to possession may overlap in the two proceedings because "a judgment of possession in a forcible detainer action is a determination only of the right to *immediate possession* and does not determine the *ultimate* rights of the parties to *any* other issue in controversy relating to the realty in question." *Lopez*, 76 S.W.3d at 605 (emphasis added); *see, e.g., Martinez*, 572 S.W.2d at 85.

Before consolidation, Nguyen alleged causes of action against HKDI for conspiracy to evict her and sought up to $100,000 actual damages and exemplary damages in the tort suit. This is the same claim that Nguyen alleged, and the same damages that she sought, against HKDI and Duong in the forcible-detainer suit. Accordingly, even though the county civil court at law lacked appellate jurisdiction in the forcible-detainer suit before consolidation to consider Nguyen's counter-claim against HKDI for conspiracy, her third-party claim against Duong for conspiracy, and her request for many of the damages that she sought against both HKDI and Duong, the trial court had subject-matter jurisdic-

tion to consider those claims and types of damages in the tort suit. *See* TEX. GOV'T CODE ANN. § 25.0003(c)(1) (setting amount-in-controversy civil jurisdiction of statutory county courts at $100,000 maximum, excluding interest, statutory or punitive damages or penalties, and attorney's fees and costs); *see also McGlothlin,* 672 S.W.2d at 233 (indicating that party to forcible-detainer suit may concurrently pursue, in different proceeding, suit for damages); *cf. Johnson v. Highland Hills Dr. Apartments,* 552 S.W.2d 493, 495–96 (Tex.Civ.App.1977) (holding that holding that forcible-entry judgment was not res judicata in separate suit between same parties seeking damages for wrongful eviction and for breach of duty to provide mail facilities), *writ ref'd n.r.e.,* 568 S.W.2d 661 (Tex.1978). Accordingly, although the county civil court at law did not have jurisdiction over this claim and certain of these damages to the extent that the court exercised its appellate jurisdiction in the consolidated suit, it had jurisdiction over these matters to the extent that it exercised its original jurisdiction, and the post-consolidation pleadings supported that exercise of original jurisdiction.

The same result obtains with respect to Nguyen's claim for tortious interference against Duong once the suits had been consolidated.[18] Although the county civil court at law did not have jurisdiction over this claim to the extent that the court exercised its appellate jurisdiction, it had

jurisdiction over the claim to the extent that it exercised its original jurisdiction, and the post-consolidation pleadings supported the exercise of that jurisdiction (putting aside for the moment whether the court should have allowed Nguyen to add this claim belatedly). *See McGlothlin,* 672 S.W.2d at 233; *Johnson,* 552 S.W.2d at 495–96.

### 4. Conclusion

We hold that the trial court's error in failing to sever Nguyen's counter-claims and third-party claims against HKDI and Duong in the forcible-detainer suit before consolidation was rendered moot by the fact that the same court could consider these claims and damages after consolidation by exercise of its original jurisdiction that arose from the tort-suit-related pleadings.

We overrule this challenge under issue one.

### C. Consolidation

Also under issue one, HKDI and Duong assert that the trial court committed fundamental error by consolidating the forcible-detainer suit, in which the county court lacked appellate jurisdiction to consider the counter-claims and third-party claims against them, with the tort suit, in which the county court had original jurisdiction to consider them. HKDI and Duong argue that the trial court's consolidating these suits allowed Nguyen to as-

---

18. Nguyen reasserted her third-party claim for tortious interference against Duong after consolidation, with leave of the court. We assume without deciding that the reassertion of this cause of action after consolidation, albeit styled as a "third-party" claim against unserved third-party defendant Duong in the forcible-detainer suit, was the equivalent of having asserted the cause of action as a "claim" against Duong in his capacity as a defendant post-consolidation. *See* TEX.R. CIV. P. 71 ("When a party has mistakenly designat-

ed any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated."); *Heard,* 603 S.W.2d at 833 ("We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it."). That is, we assume without deciding that Nguyen invoked the original jurisdiction of the county civil court at law when she reasserted this claim against Duong after consolidation.

sert the very claims and to recover the very damages that would not have been maintainable or recoverable in the forcible-detainer suit had it not been consolidated with the tort suit. They argue that the county civil court at law had the power to exercise either appellate or original jurisdiction, but not both in the same suit. Put another way, they argue that the trial court could not do through the back door what it could not do through the front.

### 1. Whether Consolidation is Jurisdictional

■■■ Consolidation is a procedural device that a court may utilize at its discretion upon motion, upon stipulation, or *sua sponte*. *See* McDONALD & CARLSON, *supra*, at 777. Texas Rule of Civil Procedure 174(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

TEX.R. CIV. P. 174(a). Consolidation furthers judicial economy by combining actions that involve a common question of law or fact to mitigate the expense associated with litigation, to eliminate the proliferation of suits, and to expedite the judicial process. *See* McDONALD & CARLSON, *supra*, at 776; *see also Owens–Corning Fiberglas Corp. v. Martin*, 942 S.W.2d 712, 716 (Tex.App.-Dallas 1997, no writ) ("In deciding whether to consolidate, the trial court must balance the judicial economy and convenience that may be gained by the consolidation against the risk of an unfair outcome because of prejudice or jury confusion."). "The trial court may consolidate actions that relate to substantially the same transaction, occurrence, subject matter, or question." *Martin*, 942 S.W.2d at 716. Rule 174(a) "does not require that all of the questions of law or fact be common to each of the cases to be consolidated. All that is required is that the two actions involve one or more common questions of significance. This is especially true if the parties are identical." 7 WILLIAM V. DORSANEO, *supra*, at § 112.02[1]. However, if the parties and issues differ, then consolidation is improper. McDONALD & CARLSON, *supra*, 783–84. We review a consolidation order for abuse of discretion. *Allison v. Ark. La. Gas Co.*, 624 S.W.2d 566, 568 (Tex.1981).

■■■ HKDI and Duong reason as follows. By virtue of the consolidation, the two lawsuits in this case merged and proceeded thereafter as a single action. *See Perry*, 53 S.W.3d at 825 n. 6; *Rust*, 107 Tex. at 387, 180 S.W. at 95; McDONALD & CARLSON, *supra*, at 775. Accordingly, Nguyen's claims against HKDI and Duong-over some of which the court in the forcible-detainer suit did not have jurisdiction when they were asserted there as cross-claims and third-party claims-were subsequently allowed to be raised in the consolidated suit by virtue of the consolidation. Consolidation in these circumstances thus accomplished what the same court, when presiding over the forcible-detainer appeal, lacked subject-matter jurisdiction to do. Thus, they conclude that the trial court lacked subject-matter jurisdiction to consolidate the suits.

■■■ We disagree. An order is void, among other things, if the trial court lacks subject-matter jurisdiction to render it. *See Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985) (indicating that judgment is void when, among other things, it is apparent that court rendering judgment "had . . . no jurisdiction of the subject matter"); *In re Dickason*, 987 S.W.2d 570, 571 (Tex.

1998) (holding that order rendered after trial court's plenary jurisdiction had expired was void); *cf. In re Cornyn*, 27 S.W.3d 327, 332 (Tex.App.-Houston [1st Dist.] 2000, orig. proceeding) ("Mandamus lies over an interlocutory or temporary order that the court had no jurisdiction to make."). It is undisputed that each of the two county civil courts at law involved here sat in the same county; that each had subject-matter jurisdiction over forcible-detainer appeals generally; and that each also had subject-matter jurisdiction over the general categories of damage claims and declaratory relief that Nguyen sought (putting aside for a moment HKDI and Duong's challenges to the aggregate amounts in controversy). *See* TEX. GOV'T CODE ANN. §§ 25.0003(a), (c)(1), 25.1031(a), 25.1032(a) (Vernon 2004).

 When the transferee county court has subject-matter jurisdiction over the matters sought to be transferred to it in a consolidation (which the county civil court at law here did, in the abstract), consolidation is generally a procedural matter, rather than a jurisdictional one. *Cf. Montgomery v. Willbanks*, 202 S.W.2d 851, 853 (Tex.Civ.App.-Fort Worth 1947, writ ref'd n.r.e.) ("There is no lack of jurisdiction involved here, because the district court acquired jurisdiction of the issues presented in the two cases as they were filed, and did not lose jurisdiction simply because he ordered them tried together."); *McNeny v. R.R. Comm'n of Tex.*, 96 S.W.2d 96, 98 (Tex.Civ.App.-Austin 1936, no writ) (indicating that question of joinder is not jurisdictional, and analogizing to consolidation); *cf. also Allison*, 624 S.W.2d at 568 (indicating that joinder and consolidation rulings are reviewed for abuse of discretion). Moreover, "[i]t is the general rule that once jurisdiction is lawfully and properly acquired, no subsequent fact or event in the particular case serves to de-

feat the jurisdiction." *Haginas*, 163 Tex. at 278, 354 S.W.2d at 371.

Accordingly, we hold that the trial court had subject-matter jurisdiction to consolidate the forcible-detainer and tort suits, that its order consolidating them was thus not void, and that the trial court was not divested of jurisdiction over the consolidated suit simply because the pre-consolidation suits had involved appellate and original jurisdiction, respectively. *See Williams v. Carter*, 176 S.W.2d 580, 582 (Tex.Civ.App.-Galveston 1943, writ ref'd w.o.m.) (holding that trial court did not lose jurisdiction over two suits—in one of which it exercised appellate jurisdiction, and in the other of which it exercised original jurisdiction—simply by having consolidated them); *see also Montgomery*, 202 S.W.2d at 853 (in reviewing judgments in two cases consolidated for trial—when one suit involved trial court's appellate jurisdiction, and other suit involved its original jurisdiction—stating, "There is no lack of jurisdiction involved here, because the district court acquired jurisdiction of the issues presented in the two cases as they were filed, and did not lose jurisdiction simply because he ordered them tried together.").

## 2. Whether We May Consider the Propriety of Consolidation

 On rehearing, Nguyen argues that we lack jurisdiction to consider whether the consolidation was erroneous. Nguyen reasons as follows. This appeal is from a judgment rendered in a suit seeking, in part, forcible-detainer relief. In such an appeal, we may not consider matters not essential to, dependent on, or primarily concerned with the issue of possession. *See* TEX. PROP.CODE ANN. § 24.007. Consolidation is essential to, dependent on, or primarily concerned with the issue of possession. Additionally, consolidation was not a jurisdictional matter. Accordingly,

we lack jurisdiction to consider the propriety of consolidating the suits.

We assume without deciding that consolidation is a matter essential to, dependent on, or primarily concerned with the issue of possession,[19] so that, if this were an appeal from a judgment rendered in *just* a forcible-detainer suit, we would lack jurisdiction to consider it. This is not such an appeal, however. Rather, it is an appeal from a judgment rendered after the consolidation of a forcible-detainer suit, in which the county civil court at law exercised only appellate jurisdiction, and a suit for declarations and damages, in which that same court exercised original jurisdiction. We have plenary appellate jurisdiction to consider challenges to matters raised by pleadings invoking the county civil court at law's original jurisdiction, regardless of whether those matters were also raised in the forcible-detainer pleadings.

In her tort-suit pleadings before consolidation, Nguyen sought a declaration that the lease assignment from Tu to her was not a breach of the lease agreement; after consolidation, Nguyen sought an alternative declaration that the lease assignment was void for having been executed under "extreme duress" and asserted waiver and estoppel as defenses to any breach that the lease assignment caused. These allegations, which were asserted under and invoked the county civil court at law's original jurisdiction, supported the portions of the judgment declaring that the lease assignment between Tu and Nguyen did not constitute a breach and awarding Nguyen possession of the leased premises. Because the pleadings invoking each type of jurisdiction sought possession, the trial court's declarations concerning breach and its award of possession were supported by the exercise of both its original and appellate jurisdiction. That is, the judgment of possession was not unique to the forcible-detainer pleadings. As we have said above, a forcible-detainer suit may run concurrently with another action—even if the other action adjudicates matters that could result in a different determination of possession—because a forcible-detainer action determines only the right to immediate possession, rather than the parties' ultimate rights to any other issue. *See Lopez*, 76 S.W.3d at 605; *see also Meridien Hotels, Inc.*, 97 S.W.3d at 738 (indicating that district court's interlocutory order declaring that tenants had defaulted under lease, that landlord had right to terminate lease, and that tenants no longer had right to possession did not excuse justice court from proceeding with forcible-detainer action); *cf. Neller v. Kirschke*, 922 S.W.2d 182, 187 (Tex.App.-Houston [1st Dist.] 1995, writ denied) (indicating that forcible-detainer court did not determine matter of breach of lease, except in order to decide that landlord was entitled to immediate possession, so that plaintiff-landlord in separate suit for breach of lease was not entitled to judgment as matter of law on issue of breach); *Valencia v. Garza*, 765 S.W.2d 893, 899 (Tex.App.-San Antonio 1989, no writ) (holding that forcible-entry judgment was not res judicata as to possession in separate suit alleging claims on contract for sale); *Buttery v. Bush*, 575 S.W.2d 144, 146 (Tex.Civ.App.-

---

19. *Compare Vickrey v. Symes*, 527 S.W.2d 836, 837 (Tex.Civ.App.-Tyler 1975, no writ) (holding, in appeal from forcible-detainer judgment, that court of appeals could not review propriety of special issue, which was alleged to have constituted impermissible general charge on title), *with Kaminetzky v. Dosohs I,* Ltd., No. 14–03–00567–CV, 2004 WL 1116960, at *4 (Tex.App.-Houston [14th Dist.] May 20, 2004, no pet.) (memo. op.) (holding, in appeal from forcible-detainer judgment, that court of appeals could consider challenge that county court judge was automatically disqualified upon party's objection).

Tyler 1978, writ ref'd n.r.e.) (holding that forcible-entry judgment was not res judicata as in separate suit seeking declaration of parties rights under lease agreement and that lease agreement was void).

Accordingly, we hold that, under the pleadings in this case, we have jurisdiction to review the propriety of the consolidation order.

### 3. Whether Consolidation Was Error

■■■ Although HKDI and Duong challenge the consolidation as being only fundamental error, we liberally construe their brief as alternatively arguing that the consolidation was simple error. *See* TEX. R.APP. P. 38.1(e), 38.9; *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989) ("[I]t is our practice to construe liberally points of error in order to obtain a just, fair and equitable adjudication of the rights of the litigants.").

We conclude that consolidation in these circumstances constitutes error. Forcible-detainer suits are intended to provide a speedy, summary, and inexpensive determination of the right to immediate possession, and the rules accomplish this goal by allowing the parties to litigate only limited matters. *See, e.g., Meridien Hotels, Inc.*, 97 S.W.3d at 737; *see also* TEX.R. CIV. P. 739, 740, 745, 746, 748, 749. This object is thwarted by allowing through consolidation what is not allowed through assertion of claims in the forcible-detainer suit itself.

■■■ There is authority to support our conclusion. In *Texas–Mexican Railway Co. v. Cahill,* a forcible-detainer suit was initiated in justice court, and appeal was taken to the county's district court.[20] *See id.*, 23 S.W. 232, 232 (Tex.Civ.App.-Galveston 1893, writ ref'd). In overruling the appellant's challenge to the denial of its motion to consolidate the forcible-detainer suit with another suit involving the same appellee pending in the same court, this Court explained, in pertinent part:

> [T]he motion to consolidate was properly refused. The appellee's suit, as we have seen, was brought under the statute which provides a remedy for the recovery of the possession of real estate when the premises are in the quiet occupancy of one, and they are forcibly entered by another, or where a lessee, after the expiration of his lease, refuses to restore possession to his lessor. The statute provides a speedy and efficient remedy for restoring possession to him who is wrongfully deprived of the same, and no inquiry as to the title to, or the superior right of either party to the suit or that of any third person in, the property, is permitted. *The [other suit] was a suit of trespass to try title to the lot in question. To permit the consolidation of such suits would be contrary to the obvious policy of the law, and in most cases · defeat the object of the statute,— the prompt adjudication of the right of possession to the premises, without reference to the right of title to the property.*

*Id.* at 232 (emphasis added). We follow the reasoning and conclusion of our Court in *Cahill* to hold in this case that the trial court erred in consolidating the tort suit and the forcible-detainer suit.[21] *See id.*

---

**20.** Appeal was taken to the district court because the county court of Nueces County had no civil jurisdiction at that time. *Cahill v. Tex.-Mex. Ry. Co.*, 40 S.W. 871, 871 (Tex.Civ. App.-San Antonio 1897, writ dism'd).

**21.** We distinguish the authority on which Nguyen relies for the contrary position. In *Knight v. K & K Properties, Inc.,* in rejecting a tenant's argument that the landlord could not collect rents in a forcible-detainer suit because the tenant had relinquished possession of the property by the time of appeal, the court noted in dictum that the tenant's objection would have been obviated had the land-

HKDI and Duong opposed the consolidation. Although the standard of review for consolidation orders is abuse of discretion,[22] the trial court necessarily abused its discretion here by acting contrary to the law. *See Walker*, 827 S.W.2d at 840.

### 4. Whether the Error Was Harmful or Rendered Moot

Texas Rule of Appellate Procedure 44.1 provides:

(a) *Standard for Reversible Error.* No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of:

(1) probably caused the rendition of an improper judgment; or

(2) probably prevented the appellant from properly presenting the case to the court of appeals.

Tex.R.App. P. 44.1.

■ From the perspective of the forcible-detainer plaintiff, the harm arising from having to participate in a jury trial before one can obtain what is supposed to be an inexpensive, speedy, and summary ruling on the right to immediate possession is evident. HKDI filed the forcible-detainer suit in July 2003, immediately confessed judgment, and appealed to the county court. Nguyen asserted her tort counter-claims, cross-claims, and third-party claims and request for declaratory relief on October 3, 2003. The trial court consolidated the two suits that same month, implicitly overruling HKDI's motion to strike or to sever Nguyen's tort claims against HKDI and Duong in the forcible-detainer suit. Trial did not begin until December 2, and it ended on December 11; there were seven days of trial proceedings. The trial court did not render judgment adjudicating the right to possession until April 30, 2004. This significant delay in determining the mere right to immediate possession was caused by the consideration of tort claims over which the trial court, to the extent that it exercised its appellate jurisdiction in the forcible-detainer suit, lacked subject-matter jurisdiction, when the issue should have been decided inexpensively, speedily, and summarily. *See, e.g., Meridien Hotels, Inc.*, 97 S.W.3d at 737; *see also* Tex.R. Civ. P. 739, 740, 745, 746, 748, 749. Therefore, the error in consolidating the two causes was harmful at the time that the order was rendered. *See* Tex. R.App. P. 44.1.

But the consolidated case then proceeded to trial and to final judgment, in part

lord sued for rent in county court and then moved to consolidate that suit with the forcible-detainer appeal. *See id.*, 589 S.W.2d 860, 862 (Tex.Civ.App.-Fort Worth 1979, no writ). We note that rents may be sought in a forcible-detainer suit; that is not true of Nguyen's claims. *See* Tex.R. Civ. P. 738, 752. In *French v. Moore* and *Green v. Canon*, the courts considered-without discussing the propriety of consolidation or the trial court's jurisdiction to do so-appeals in cases in which a county civil court at law had consolidated a forcible-detainer appeal with another suit in which it was exercising original jurisdiction. *See French*, 169 S.W.3d 1, 17 (Tex.App.-Houston [1st Dist.] 2004, no pet.); *Green*, 33 S.W.3d 855, 859 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). Because consolidation of a forcible-detainer appeal with an orig-

inal-jurisdiction suit is error, but not jurisdictional error, the *French* and *Green* courts rightly did not discuss the issue before them, and the holdings of *French* and *Green* are not instructive in this case. *See Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex.1993) ("We have held repeatedly that the courts of appeals may not reverse the judgment of a trial court for a reason not raised in a point of error."). For this reason, we decline to read *French* and *Green* as does Nguyen-especially when the only Texas appellate court (ours, in *Cahill*) expressly addressing the issue has held contrary to Nguyen's reading.

22. *See Allison v. Ark. La. Gas Co.*, 624 S.W.2d 566, 568 (Tex.1981).

upon pleadings invoking the court's original jurisdiction. The pleadings invoking the trial court's original jurisdiction sought a declaration that the lease assignment between Nguyen and Tu did not breach the lease agreement with HKDI; the same pleadings alternatively sought a declaration that the lease assignment was void for having been executed under "extreme duress" and asserted waiver and estoppel as defenses to any breach that the lease assignment had caused. These allegations, which were asserted under and invoked the trial court's original jurisdiction, supported the portion of the judgment declaring that the lease assignment was not a breach *and awarding Nguyen possession of the leased premises.* That is, the trial court's final judgment was an adjudication not of the right to *immediate* possession, but of the *ultimate* right to possession based on the declaratory requests and affirmative defenses asserted under its original jurisdiction. Put another way, the trial court, in effect, completely denied HKDI's request for a determination of the right to immediate possession and instead determined the ultimate question of who was entitled to possession.

■ Even though a forcible-detainer judgment adjudicates the right to immediate possession, that determination can later be altered if a judgment, in a separate suit adjudicating the parties' rights to other issues involving the real property, results in a different determination of possession. *See Lopez,* 76 S.W.3d at 605; *see also Meridien Hotels, Inc.,* 97 S.W.3d at 738 (indicating that district court's interlocutory order declaring that tenants had defaulted under lease, that landlord had right to terminate lease, and that tenants no longer had right to possession did not excuse justice court from proceeding with forcible-detainer action). Accordingly, under the pleadings in this case, the harm that HKDI suffered by the delay of what should have been a speedy determination of the right to immediate possession was mooted when a final judgment, under the trial court's exercise of original jurisdiction and on matters determining the ultimate issue of possession, was rendered. Put another way, even if HKDI could somehow obtain an adjudication of the right to immediate possession at this time, that determination would be moot because the parties' ultimate rights have already been adjudicated and possession has already been awarded based on those rights.[23]

■ That is not to say that parties in HKDI's position have no remedy. A party harmed by the trial court's total denial of a speedy determination of the right to immediate possession may seek, by mandamus when the complained-of ruling occurs or before it becomes moot, that the court be ordered to adjudicate that right despite the pendency of another suit that could ultimately lead to a different determination of possession for the same property. Here, HKDI could have sought mandamus relief from the consolidation order before final judgment in the consolidated suit was rendered: HKDI would have had no adequate remedy by appeal after final judgment because (1) the rendition of that judgment, under these pleadings, would have mooted a determination of the right to immediate possession and (2) under *Ca-*

---

23. HKDI and Nguyen do not argue that they were harmed by what was, in effect, the total denial of a decision on the right to immediate possession under their forcible-detainer pleadings because (1) they might have prevailed under those pleadings and (2) they could thus have been entitled to recover their costs for Nguyen's withholding possession of the premises during the pendency of the forcible-detainer appeal. *See* Tex.R. Civ. P. 752. Accordingly, we do not consider this aspect in our mootness analysis.

*hill*, the consolidation of the forcible-detainer and tort suits was a clear abuse of discretion. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.2004) (holding that mandamus relief is proper only to correct clear abuse of discretion when there is no adequate remedy by appeal); *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex.2004) (noting that, although mandamus will ordinarily not issue to correct erroneous consolidation, writ will issue if " 'extraordinary circumstances' are present that make an ordinary appeal inadequate," such as when "the appellate court would not be able to cure the error, [or] when the party's ability to present a viable claim . . . is vitiated . . . .") (quoting *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 309 (Tex.1994)); *cf. Meridien Hotels, Inc.*, 97 S.W.3d at 738–39 (holding that county court did not abuse discretion in issuing mandamus writ ordering justice court to vacate its order abating forcible-detainer proceedings when justice court abated its suit solely to allow district court—which had declared that tenants had defaulted under lease, that landlord had right to terminate lease, and that tenants no longer had right to possession—to finalize judgment there; also holding that no adequate remedy at law existed for justice court's interlocutory abatement order). But at this point— upon these pleadings, this judgment, and these facts—the harm that HKDI suffered from the deprivation of its right to a speedy determination of immediate possession is moot.

We overrule this portion of issue one.

## D. Personal Jurisdiction Over Duong

■ In the remainder of issue one, HKDI and Duong also argue that, because Nguyen never served Duong in the *forcible-detainer* suit before consolidation, and because she excluded him from the last amended petition in that suit, the trial court lacked personal jurisdiction over Duong to render judgment against him for tortious interference in the *consolidated* suit. Accordingly, HKDI and Duong argue that the final judgment rendered in the consolidated suit was void with respect to Duong. We may consider this challenge, even though it relates to the pre-consolidation forcible-detainer suit's pleadings, because it concerns personal jurisdiction over Duong, rather than the issue of possession. *Cf. Rice*, 51 S.W.3d at 708.

HKDI and Duong do not contest that Duong was served and answered in the tort suit, which alleged a conspiracy claim against him, before consolidation. Accordingly, Duong became a party defendant in the consolidated suit even though the specific cause of action (tortious interference) was not alleged against him until after trial. As long as some cause of action was alleged against Duong in one of the pre-consolidation suits and he was served or appeared in that suit, the trial court had personal jurisdiction over him post-consolidation.

We overrule the remainder of issue one.

## E. Legal–Sufficiency Challenges

Under issue three, HKDI and Duong assert various legal-sufficiency challenges to the jury's findings on Nguyen's tort claims and on her defenses. We have jurisdiction to consider these challenges because they do not relate either solely or at all to the forcible-detainer pleadings.

### 1. Standard of Review

■ When, as here, an appellant attacks the legal sufficiency of an adverse finding on an issue for which it did not have the burden of proof, the appellant must demonstrate that there is no evidence to support the adverse finding. *Croucher v. Croucher*, 660 S.W.2d 55, 58

(Tex.1983). Such a no-evidence challenge will be sustained when " '(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.' " *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex.2003) (quoting *Merrell Dow Pharm., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997)).

■■■■ To the extent that HKDI and Duong challenge the legal sufficiency of the evidence that Nguyen offered to prove a vital fact, "we must view the evidence in a light that tends to support the finding of disputed fact and disregard all evidence and inferences to the contrary." *Wal-Mart Stores, Inc. v. Miller,* 102 S.W.3d 706, 709 (Tex.2003). However, "[t]he final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review.... [L]egal-sufficiency review in the proper light must credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not." *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex.2005). The jury is the sole judge of witnesses' credibility, and it may choose to believe one witness over another; a reviewing court may not impose its own opinion to the contrary. *Id.* at 819. Because it is the jury's province to resolve conflicting evidence, we must assume that jurors resolved all conflicts in accordance with their verdict if reasonable human beings could do so. *Id.*

### 2. Specific Legal–Sufficiency Challenges[24]

#### a. Duong's Tortious Interference

■■■■ Nguyen's theory of tortious interference, as pleaded, appeared to be that the individual appellants (Tu and Duong) had tortiously interfered with her lease agreement with HKDI. Jury question number 6 reflected this theory by instructing the jury that "[Duong] cannot be held liable *for inducing [HKDI] to violate a contractual obligation* if he acted in good faith and believed what he did was for the best interest of [HKDI]." (Emphasis added.) The jury was never asked whether Tu had tortiously interfered with any of Nguyen's contracts. The jury also expressly found that HKDI had conspired with Duong and that Tu had not, and it implicitly found that the focus of Duong and HKDI's conspiracy was Duong's tortious interference with Nguyen's lease agreement with HKDI.

■■■■ Under part of issue three, HKDI and Duong argue, among other things, that the trial court erred in rendering judgment on Nguyen's claim for tortious interference with contractual relations against Duong because Duong was HKDI's corporate officer and agent and thus, as a matter of law, could not have tortiously interfered with the lease agreement between Nguyen and HKDI.[25]

■■■■ "The elements of tortious interference with a contract are: (1) the existence of a contract subject to interfer-

---

**24.** Because we resolve in HKDI and Duong's favor their legal-sufficiency challenges to many of the claims and damages that the trial court allowed by trial amendment, we need not determine whether the trial court erred in allowing those trial amendments.

**25.** HKDI and Duong preserved this complaint by moving for directed verdict and by objecting to the submission of jury question number 6, concerning tortious interference, on this ground. *See Cecil v. Smith,* 804 S.W.2d 509, 510–11 (Tex.1991).

ence; (2) willful and intentional interference; (3) interference that proximately caused damage; and (4) actual damage or loss." *Powell Indus., Inc. v. Allen,* 985 S.W.2d 455, 456 (Tex.1998). "When the defendant is both a corporate agent and the third party who allegedly induces the corporation's breach, the second element is particularly important." *Id.* at 456–57. "Because a corporate officer's acts on the corporation's behalf usually are deemed corporate acts, a plaintiff must show that the agent acted *solely* in his own interests." *Id.* (Emphasis added.) "The plaintiff must prove that the agent acted willfully and intentionally to serve the agent's personal interests *at the corporation's expense.*" *Id.* (Emphasis added.) "A corporate officer's mixed motives—to benefit both himself and the corporation—are insufficient to establish liability." *Id.*

 "[W]hen determining whether an agent acted against the corporation's interests, we consider the corporation's evaluation of the agent's actions." *Id.* We do so because "[a] corporation is a better judge of its own best interests than a jury or court." *Id.* Although a complaint by the principal about its agent's actions does not conclusively show that the agent acted against its principal's interest, "if a corporation does not complain about its agent's actions, then the agent cannot be held to have acted contrary to the corporation's interests." *Id.*

Duong was the president, shareholder, and owner of HKDI. He signed the lease agreement with Nguyen and Tu on behalf of HKDI. Nguyen's counsel's questions at trial repeatedly equated Duong with HKDI. Duong testified that he believed that it was in the best interest of HKDI to terminate the lease agreement. Nguyen testified that Duong had threatened to evict Nguyen if she testified adversely to Tu's brother, who was a friend of Duong's,

in her divorce case. Nguyen's attorney argued in closing that Duong's threat showed a "purely personal" vendetta that "ha[d] nothing to do with [HKDI] or the business or the corporation," but he also argued that HKDI "c[a]me back and ratified [Duong's] acts, so they're going to be responsible for what he did." He further argued in closing that Duong's tortious interference with the lease agreement was "for personal reasons."

The above is no evidence that Duong acted solely in his own interest and against HKDI's interests. Importantly, we have found no evidence—and Nguyen has directed us to none—that HKDI objected to Duong's instigating the eviction or that HKDI's interests lay elsewhere than in evicting Nguyen and Tu. Indeed, Nguyen's attorney argued to the jury that HKDI ratified Duong's acts and that that ratification made HKDI liable for Duong's acts; moreover, HKDI has consistently remained the plaintiff in the forcible-detainer suit to evict Nguyen and Tu. Accordingly, we hold that legally insufficient evidence supports the jury's finding that Duong was liable for tortious interference. We thus hold that the trial court erred by denying HKDI and Duong's motion for directed verdict and by overruling their objection to the submission of the jury question on liability for this cause of action.

We sustain this portion of issue three.

#### b. Civil Conspiracy

 Nguyen pleaded that all three appellants conspired to evict her. The conspiracy charge was not expressly predicated on a liability question for an underlying wrong; nonetheless, the only underlying wrong for which damages were assessed was Duong's tortious interference, so that Duong's tortious interference could have been the only basis for conspiracy and thus for HKDI's liability.

Because the claim against Duong for tortious interference was the only underlying cause of action for which actual damages were awarded and that could have supported a claim for civil conspiracy against HKDI or Duong, and because the tortious-interference claim against Duong failed as a matter of law for the reasons stated above, HKDI and Duong argue, under part of issue three, that the trial court erred in rendering judgment against them on Nguyen's civil-conspiracy claim.[26]

■■■ "Civil conspiracy, generally defined as a combination of two or more persons to accomplish an unlawful purpose, or to accomplish a lawful purpose by unlawful means, might be called a derivative tort" because the "defendant's liability for conspiracy *depends on participation in some underlying tort* for which the plaintiff seeks to hold at least one of the named defendants liable." *Tilton v. Marshall,* 925 S.W.2d 672, 681 (Tex.1996) (emphasis added). The claim's elements are "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result." *Tri v. J.T.T.,* 162 S.W.3d 552, 556 (Tex.2005). "[C]ivil conspiracy 'came to be used to extend liability in tort ... beyond the active wrongdoer to those who have merely planned, assisted, or encouraged his

acts.'" *Carroll v. Timmers Chevrolet, Inc.,* 592 S.W.2d 922, 925–26 (Tex.1979) (quoting W. PROSSER, HANDBOOK OF THE LAW OF TORTS, § 46, at 293 (1971)).

■■■ Jury questions 8 and 9 asked whether HKDI or Duong were "part of a conspiracy that damaged [Nguyen]" and instructed that, for the party to be part of a conspiracy, he or it "and another person or persons must have had knowledge of, agreed to, and intended a common objective or course of action that resulted in damages to [Nguyen]." The instruction continued: "One or more persons involved in the conspiracy must have performed some act or acts to further the conspiracy." As stated above, jury questions 8 and 9 were not predicated on a jury tort finding, but given that the only tort that was submitted to the jury was Duong's tortious interference, that tort could have been the only "course of action" or "common objective" of the conspiracy. We have already sustained HKDI and Duong's legal-sufficiency challenge to the jury's finding that Duong was liable for tortious interference. If there is no underlying wrong or object (here, tortious interference), then there can be no conspiracy. *See Tri,* 162 S.W.3d at 556; *Tilton,* 925 S.W.2d at 681. Accordingly, we hold that legally insufficient evidence supports the jury's findings that HKDI and Duong were part of a conspiracy that damaged Nguyen.[27] We thus hold

**26.** HKDI and Duong preserved this challenge by the implicit overruling of their objections to Nguyen's proposed judgment and their own motion for entry of judgment, which asserted this argument and which we have construed as pre-judgment motions for JNOV or to disregard jury findings. *See* TEX.R.APP. P. 33.1(a)(2)(A); *Lenz v. Lenz,* 79 S.W.3d 10, 13 (Tex.2002) (holding that appellant preserved complaint raised in pre-judgment JNOV because trial court implicitly ruled on JNOV motion by virtue of substance of its judgment that was later rendered); *First Nat'l*

*Indem. Co. v. First Bank & Trust of Groves, Tex.,* 753 S.W.2d 405, 407 (Tex.App.-Beaumont 1988, no pet.). Additionally, HKDI and Duong moved for directed verdict on the civil-conspiracy claim because there was no evidence of "any wrongful or unlawful act." *See Cecil,* 804 S.W.2d at 510–11.

**27.** Nguyen asserts that the evidence showed that "the conspiracy included more participants than simply Tu and Duong." However, the jury was asked to determine only whether HKDI, Tu, and Duong were co-conspirators, not any other person. An element of a civil

that the trial court erred by implicitly denying what we have construed as HKDI and Duong's pre-judgment motion for JNOV or to disregard jury findings, by overruling their directed verdict on this ground, and by rendering judgment for Nguyen on this claim.

We sustain this portion of issue three.

### c. Actual Damages

 Under part of issue three, HKDI and Duong first argue that the trial court erred as a matter of law in rendering judgment for $15,312.58 in actual damages—which represented the mental-anguish damages that Nguyen elected to recover, plus interest—because those damages were predicated on an affirmative finding that Duong was liable for tortious interference, which predicate failed as a matter of law for the reasons stated above.[28] Alternatively, HKDI and Duong argue that no evidence supports the jury's assessment of mental-anguish damages because the relevant evidence does not demonstrate the type of high degree of mental suffering required to obtain this type of damages.[29] Finally, HKDI and Duong argue that the jury's award of $49,266.66 in costs of defending her right to possession cannot support the actual damages awarded because Nguyen elected to receive and was awarded attorney's fees, which, if she were also awarded the costs of defending possession, would constitute a double recovery.[30]

Jury question 7, the sole question concerning actual damages, was predicated on an affirmative answer to jury question 6, concerning Duong's tortious interference with contract. It was not predicated on jury questions 8 or 9, concerning civil conspiracy.[31] We have already held that legally insufficient evidence supports the jury's determination that Duong tortiously interfered with the lease assignment—the sole predicate to the jury's actual damages determination. Accordingly, we hold that legally insufficient evidence supports the jury's actual-damages findings (both mental-anguish damages and those for right to defend possession). We thus hold that the trial court erred by implicitly denying what we have construed as HKDI and Duong's pre-judgment motion for JNOV or

conspiracy claim is two or more persons participate, which means that it was Nguyen's burden to request determinations of who the participants were. *See Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex.2005). In any event, "an object to be accomplished" is also an element of the claim, and the only "object" on which Nguyen sought a jury determination was Duong's tortious interference—one for which we have already held that Nguyen adduced legally insufficient evidence. *See id.*

28. HKDI and Duong preserved this challenge by the implicit overruling of their objection to Nguyen's proposed judgment and their own motion for entry of judgment, which asserted that the court "should not *award judgment* to [Nguyen]" on jury question 6, concerning liability for tortious interference. (Emphasis added.) *See* Tex.R.App. P. 33.1(a)(2)(A); *Lenz*, 79 S.W.3d at 13; *First Nat'l Indem. Co.*, 753 S.W.2d at 407. We deem a request that the court not "award judgment" on a liability

question to be broad enough to include a request to disregard any damages finding that is dependant on that liability question.

29. HKDI and Duong preserved this challenged by the implicit overruling of their objections to Nguyen's motion for entry of judgment and of their motion for judgment, which asserted that no evidence supported this damages finding. *See* Tex.R.App. P. 33.1(a)(2)(A); *Lenz*, 79 S.W.3d at 13; *First Nat'l Indem. Co.*, 753 S.W.2d at 407.

30. HKDI and Duong preserved this challenge by objecting to the submission of jury question 7 on this basis. *See Cecil*, 804 S.W.2d at 510–11.

31. In any event, we have already held that legally insufficient evidence supports the jury's civil-conspiracy findings against HKDI and Duong.

to disregard jury findings and by rendering judgment for Nguyen for any amount of actual damages. We thus need not reach HKDI and Duong's remaining legal-sufficiency challenges to the award of actual damages.

We sustain this portion of issue three.

### d. Malice and Punitive Damages

Under part of issue three, HKDI and Duong also argue that, because legally insufficient evidence exists of the only actual damages that Nguyen elected to recover—mental-anguish damages—and because punitive damages cannot be awarded absent the award of actual damages, the trial court erred in assessing punitive damages against HKDI and Duong.[32] HKDI and Duong further argue that the trial court erred in assessing punitive damages against HKDI because the jury was not asked to find that HKDI had acted with malice, so that there was no predicate finding against HKDI that would have allowed punitive damages.[33]

Jury question 15, concerning punitive damages against Duong, was predicated on an affirmative finding on jury question 11, which asked if Duong's malice had caused Nguyen damages. Jury question 16, concerning punitive damages against HKDI, was likewise predicated on an affirmative finding on jury question 11, which asked if

Duong's malice had caused Nguyen damages. The jury charge contained no question concerning whether HKDI had acted with malice or whether that malice had harmed Nguyen. Jury question 11, concerning Duong's malice, was predicated on an affirmative finding to jury question 8, which asked the jury whether Duong had been part of a conspiracy that damaged Nguyen. The only actual-damages question was jury question number 7, which was predicated on an affirmative answer to jury question number 6, concerning Duong's tortious interference; the actual-damages question was not predicated on jury questions 8 or 9, concerning civil conspiracy.

We first sustain HKDI and Duong's challenge to the assessment of punitive damages against HKDI. Under the statute applicable to this case, exemplary damages could be awarded only if Nguyen proved by clear and convincing evidence that the harm with respect to which she sought recovery of exemplary damages resulted from (in addition to situations irrelevant here) malice. See Act of Apr. 11, 1995, 74th Leg., R.S., ch. 19, § 1, 1995 Tex. Gen. Laws 108, 110 (amended 2003) (current version at Tex. Civ. Prac. & Rem.Code Ann. § 41.003(a) (Vernon Supp. 2006)). The jury was asked to find malice for Duong and Tu, but not for HKDI. In

**32.** HKDI and Duong sufficiently preserved this challenge by the implicit overruling of their objection to Nguyen's proposed judgment and their own motion for entry of judgment, which asserted (1) that the jury's findings of malice against Duong "improperly rest[ed] on the conspiracy finding, in that no finding of damages exists as to the conspiracy claim"; (2) that the jury's award of punitive damages against HKDI and Duong "does not rest on a finding of actual damages"; and (3) that "no evidence supports the jury's finding of punitive damages" against HKDI and Duong. See Tex.R.App. P. 33.1(a)(2)(A); Lenz, 79 S.W.3d at 13; First Nat'l Indem. Co., 753 S.W.2d at 407. Although these objections

differ slightly from that raised on appeal, they together sufficiently advised the court that submission of the punitive-damages issue was improper because of the failure of a predicate concerning actual damages. See Tex.R.App. P. 33.1(a)(1)(A) (providing that, to preserve error, motion must state grounds "with sufficient specificity to make the trial court aware of the complaint.").

**33.** HKDI and Duong preserved this challenge by objecting to the submission of jury question 16 on this basis. See Cecil, 804 S.W.2d at 510–11.

the charge, the court submitted separate liability and punitive-damages questions for Duong and HKDI, indicating that when it submitted questions concerning Duong, the court meant Duong in his individual capacity, rather than in his representative capacity. Accordingly, the jury was never asked to find that HKDI (*i.e.,* Duong acting in his representative capacity) acted with malice, a necessary predicate to obtaining punitive damages against HKDI. *See* Act of Apr. 11, 1995, 74th Leg., R.S., ch. 19, 1995 Tex. Gen. Laws 108, 110 (amended 2003). The trial court thus erred in awarding punitive damages against HKDI. *See id.; Akin v. Dahl,* 661 S.W.2d 917, 921–22 (Tex.1983) (holding that finding of civil conspiracy, when object of that conspiracy is tort of which malice is element, suffices to make co-conspirators subject to punitive damages even without separate malice finding; further indicating, however, that when "object of the conspiracy is an unlawful tort, such as negligence, which did not contain wanton behavior, malice, or their progeny as an element of the cause of action, then that additional finding [of malice] would be necessary as to each co-conspirator against whom exemplary damages were sought.").

■ We also sustain HKDI and Duong's challenge to the assessment of punitive damages against Duong. For the reasons stated earlier, we have already held that the trial court erred in rendering judgment for actual damages for Duong's tortious interference.[34] The trial court thus erred in awarding punitive damages against Duong. *See Juliette Fowler Homes, Inc. v. Welch Assocs., Inc.,* 793

S.W.2d 660, 667 (Tex.1990) ("Since we have determined that there is no evidence that John Butler or Butler Companies tortiously interfered with the Fowler–Welch contract, Welch is not entitled to an award of actual damages. Recovery of actual damages is a prerequisite to the receipt of exemplary damages. Consequently, Welch is not entitled to recover exemplary damages.") (citation omitted).

For these reasons, we hold that the trial court erred by implicitly denying what we have construed as HKDI and Duong's prejudgment motion for JNOV or to disregard jury findings, by overruling their objection to the submission of the charge issue on punitive damages against HKDI, and by rendering judgment for punitive damages against HKDI and Duong.

We sustain this portion of issue three.

### e. Attorney's Fees

■ The jury awarded Nguyen $73,900 in attorney's fees for trial preparation and $6,000 in attorney's fees for preparation of post-trial motions. The trial court, in rendering judgment awarding Nguyen the fees that the jury found, recited, "[Nguyen], as the prevailing party, is entitled to recover attorney's fees under the Declaratory Judgment Act and section 24.006 of the Texas Property Code." Under issue three, HKDI and Duong argue that the trial court erred as a matter of law in rendering judgment for the attorney's fees that the jury found because (1) recovery of actual damages is a prerequisite to recovering attorney's fees; (2) the Declaratory Judgment Act ("DJA") did not support the

---

**34.** The malice question supporting the award of punitive damages was predicated on a finding that Duong was liable for civil conspiracy only. The only actual damages awarded were for Duong's tortious interference, not civil conspiracy. However, his liability for civil conspiracy was implicitly predicated on his liability for tortious interference. Because HKDI and Duong do not argue otherwise on appeal, we assume without deciding the award of actual damages against Duong for tortious interference could, in the abstract, support an award of punitive damages against Duong under this charge.

award of attorney's fees because the declaratory judgment that Nguyen sought in her pre-consolidation tort suit duplicated the relief sought by HKDI and Duong in the pre-consolidation forcible-detainer suit; and (3) Nguyen did not segregate her attorney's fees.[35] HKDI and Duong preserved these arguments in their motion for directed verdict, their objections to the charge, and their objections to Nguyen's motion for entry of judgment and their own motion for entry of judgment, which we have construed as motions for JNOV or to disregard the verdict.[36] *See Cecil v. Smith*, 804 S.W.2d 509, 510–11 (Tex.1991).

### i. Actual Damages as Prerequisite

Under part of issue three, HKDI and Duong argue that Nguyen cannot recover attorney's fees because she is not entitled, for the reasons discussed above, to recover actual damages, which recovery they assert is a prerequisite to recovery of attorney's fees.

■■■ The trial court cited the DJA as a basis for awarding Nguyen her attorney's fees. The DJA empowers courts "to declare rights, status, and other legal relations *whether or not further relief is or could be claimed.*" TEX. CIV. PRAC. & REM. CODE ANN. § 37.003(a) (Vernon 1997) (emphasis added). The DJA also provides that "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." *Id.* § 37.009 (Vernon 1997). The only requirements that the statute provides are that the fees be

reasonable and necessary and that their award be equitable and just. *See id.* One need not even be the prevailing party or seek affirmative relief to be awarded attorney's fees under the DJA, as long as the award of fees is equitable and just. *See Save Our Springs Alliance, Inc. v. Lazy Nine Mun. Util. Dist. ex rel. Bd. of Dirs.*, 198 S.W.3d 300, 318 (Tex.App.-Texarkana 2006, pet. denied) ("Either party may obtain attorney's fees [under DJA] regardless of which party is affirmatively seeking relief."); *Del Valle Indep. Sch. Dist. v. Lopez*, 863 S.W.2d 507, 512–13 (Tex.App.-Austin 1993, writ denied) ("[A]n award [of attorney's fees] under the [DJA] is not limited to the prevailing party."); *see also Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 637 (Tex.1996) (rejecting argument that party had to "substantially prevail" in order to recover attorney's fees under DJA). For this reason, and because the DJA authorizes relief in the form of a declaration (rather than damages), the DJA claimant obviously need not recover damages to be entitled to recover attorney's fees under that statute.

We overrule this challenge under issue three.

### ii. Recovery under the DJA

■■■ Under part of issue three, HKDI and Duong also argue that the trial court could not award attorney's fees under the DJA because the declaratory judgment that Nguyen sought in her pre-consolida-

---

35. HKDI and Duong also argue that the trial court erred in rendering judgment for the attorney's fees that the jury found because they could not be supported by Property Code section 24.006(c), which applies to forcible-detainer suits, because Nguyen added, before consolidation, claims for matters in that suit that were not related to forcible detainer. *See* TEX. PROP.CODE ANN. § 24.006(c) (Vernon 2000); *see also* TEX.R. CIV. P. 752. However,

HKDI and Duong did not preserve this argument below.

36. Although HKDI and Duong did not state their challenge (2) in the trial court in the exact terms stated on appeal, they did assert below that Nguyen "cannot recover legal fees based on her declaratory judgment action," which we deem sufficiently to have preserved their appellate argument.

tion tort suit duplicated the relief sought by HKDI in the pre-consolidation forcible-detainer suit. Specifically, HKDI and Duong argue that the forcible-detainer allegations "resolved the issues of duress and the applicability of the Lease's anti-assignment clause," so that Nguyen's DJA request was merely redundant of what would have been determined in the forcible-detainer suit.

In the pre-consolidation tort suit, Nguyen pleaded for alternative declarations that (1) the lease assignment did not breach the lease agreement and (2) the lease assignment was void for having been executed under duress. In the pre-consolidation forcible-detainer suit, HKDI alleged that the lease assignment was a default under the lease agreement. These allegations were joined upon consolidation.

 The DJA allows the trial court to award reasonable and necessary attorney's fees as are equitable and just. TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1997). However, "[a] declaratory judgment action may not be used *solely* to obtain attorney's fees that are *not otherwise* authorized by statute or to settle disputes *already pending* before a court." *Southwest Guar. Trust Co. v. Hardy Rd. 13.4 Joint Venture*, 981 S.W.2d 951, 956 (Tex.App.-Houston [1st Dist.] 1998, pet. denied) (emphasis added).

We hold that Nguyen's DJA request was not merely redundant of the issues litigated in the forcible-detainer suit, so that fees would be unavailable to Nguyen. First, Nguyen filed the tort suit before HKDI filed the forcible-detainer suit, and she sought declaratory relief in her original petition in the tort suit. Only afterwards did HKDI, not Nguyen, initiate forcible-detainer proceedings. And later still, the trial court consolidated the proceedings. This sequence of events demonstrates that Nguyen did not allege declaratory relief solely to obtain fees that were not otherwise authorized (indeed, at the time that she filed the tort suit, the DJA clearly authorized those fees) or to settle disputes that were already pending before the court. HKDI and Duong do not explain how consolidation would retroactively render Nguyen's prior request for declaratory relief a mere subterfuge for obtaining fees.

Second, and in any event, the court in a forcible-detainer suit often (as here) construes a lease and considers breaches of or defenses to lease provisions, but it does so only as part of determining which party has the *superior right to immediate possession*. *See Ward*, 115 S.W.3d at 270. It does not determine the parties' ultimate rights to any other issue in controversy relating to the particular realty. *Lopez*, 76 S.W.3d at 605. For these reasons, a forcible-detainer suit may run concurrently with another action in another court—even if the other action adjudicates matters that could result in a different determination of possession from that rendered in the forcible-detainer suit. *See Villalon*, 176 S.W.3d at 70–71. This last concept has been extended to other suits in which declaratory relief is sought. *Cf. Meridien Hotels, Inc.*, 97 S.W.3d at 738.

If a suit to declare the parties' rights under a lease can be maintained simultaneously with a forcible-detainer suit—even when the forcible-detainer court may simultaneously be considering the same rights under the same lease—then it is hard to imagine that the claimant in the separate DJA suit could not obtain attorney's fees simply because a forcible-detainer suit was on-going. It is even harder to imagine that the DJA claimant could not obtain attorney's fees when her suit preceded the forcible-detainer action.

We overrule this challenge under issue three.

### iii. Failure to Segregate

■ Also under part of issue three, HKDI and Duong argue that the trial court erred in rendering judgment on the jury's verdict for attorney's fees because Nguyen failed to segregate the fees attributable to those claims for which fees were recoverable from those for which they were not. HKDI and Duong preserved this challenge through an objection to the charge. *See Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex.1991); *Young v. Neatherlin*, 102 S.W.3d 415, 420 (Tex.App.-Houston [14th Dist.] 2003, no pet.) (holding that objection to charge preserved challenge, even though party had not objected to testimony on unsegregated fees). We apply a hybrid standard of review because the issue of whether fees must be segregated can be a mixed question of law and fact. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313 (Tex.2006).

The trial court, in rendering judgment awarding Nguyen the fees found by the jury, recited, "[Nguyen], as the prevailing party, is entitled to recover attorney's fees under the [DJA] and section 24.006 of the Texas Property Code." We have already explained why Nguyen could recover attorney's fees under the DJA. Additionally, she prevailed in the forcible-detainer matter by having been awarded possession, entitling her to attorney's fees for counsel's work relating to the forcible-detainer allegations. *See W. Anderson Plaza v. Feyznia* 876 S.W.2d 528, 537 (Tex.App.-Austin 1994, no writ). But Nguyen also asserted claims for conspiracy, tortious interference with contract, wrongful eviction (though that claim did not go to the jury),

and unfair competition (which also did not go to the jury) and sought punitive damages and indemnity.

Neither party indicates where in the record Nguyen proved her attorney's fees, but what testimony we have found proving Nguyen's attorney's fees does not segregate those incurred for work done in prosecuting Nguyen's DJA request and defending the forcible-detainer allegations, for which fees were recoverable,[37] and for work done in prosecuting Nguyen's tort claims, for which fees were not recoverable.[38] Nguyen does not deny that her expert did not segregate her attorney's fees among causes of action and defenses, but instead invokes an exception to the requirement: that her claims, counterclaims, and third-party claims in both pre-consolidation suits and in the consolidated suit were inextricably intertwined, so that her expert did not need to segregate fees among claims. In support, Nguyen does not rely on her own expert's testimony that the claims were so inextricably intertwined that they cannot be segregated; rather, she relies on the following questioning, by HKDI and Duong's counsel, of the expert testifying to Tu's attorney's fees:

> Counsel: Is it possible for you to segregate out fees that are associated with defending the [forcible-detainer] matter ... versus the claims made by [Nguyen]?

> Tu's Expert: The matters are inextricably intertwined and cannot be segregated out. To defend [Tu] in one claim also defends her in the claims that [Nguyen] has brought against her.

---

**37.** *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.009 (Vernon 1997); Tex. Prop.Code Ann. § 24.006 (Vernon 2000); Tex.R. Civ. P. 752.

**38.** *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex.2006) ("Absent a contract or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees.").

■ Parties seeking to recover attorney's fees are "required to segregate fees between claims for which [fees] are recoverable and claims for which they are not." *Chapa*, 212 S.W.3d at 311. This rule is not without an exception. But that exception has changed over time. At the time of trial in this cause, as well as when the parties briefed this appeal, the following exception to the segregation-of-fees requirement existed:

> A recognized exception to this duty to segregate arises when the attorney's fees rendered are in connection with claims arising out of the same transaction and are so interrelated that their "prosecution or defense entails proof or denial of essentially the same facts." Therefore, when the causes of action involved in the suit are dependent upon the same set of facts or circumstances and thus are "intertwined to the point of being inseparable," the party suing for attorney's fees may recover the entire amount covering all claims.

*Sterling*, 822 S.W.2d at 11–12 (quoting *Gill Sav. Ass'n v. Chair King, Inc.*, 783 S.W.2d 674, 680 (Tex.App.-Houston [14th Dist.] 1989), *modified*, 797 S.W.2d 31 (Tex.1990) and *Flint & Assoc. v. Intercontinental Pipe & Steel, Inc.*, 739 S.W.2d 622, 624–25 (Tex.App.-Dallas 1987, writ denied)), *modified by Chapa*, 212 S.W.3d at 314. It is this exception that Nguyen invoked here and below. However, the exception was modified during pendency of this appeal:

> *Intertwined facts* do not make tort [attorney's] fees recoverable; it is only when *discrete legal services* advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated. We modify *Sterling* to that extent.

*Chapa*, 212 S.W.3d at 313–14 (emphasis added).

Regardless of which standard applies to our review of this case, we hold that Nguyen did not carry her burden of demonstrating that the exception to the segregation-of-fees duty applied. Under the former standard of *Sterling*, Tu's expert's testimony that *Tu's* attorney's fees could not be segregated because her defense to the forcible-detainer suit was inextricably intertwined with her defense against Nguyen's tort claims is one thing; expert testimony concerning *Nguyen's* attorney's fees is another. Moreover, Tu's expert's testimony compared *the torts or claims that Nguyen asserted against her* (conspiracy, unfair competition, breach of fiduciary duty, indemnity, and tortious interference with contract) with matters relevant to the forcible-detainer proceeding. That testimony did not also consider whether the tort that Nguyen had asserted only against HKDI (wrongful eviction), her seeking injunctive relief to prevent HKDI from evicting her, her seeking injunctive relief against HKDI and Duong's law firm for having contacted her allegedly in violation of disciplinary rules, and the matters related to Nguyen's defense against HKDI and Duong's counter-claim for sanctions were inextricably intertwined with Nguyen's claims and defenses for which fees were recoverable. Additionally, Tu's counsel's testimony is conclusory. And under the new standard of *Chapa*, whether the claims were inextricably intertwined is not the test: rather, the test is whether *discrete legal services* advance both a claim or defense for which fees are recoverable and a claim or defense for which fees are unrecoverable that fees need not be segregated. *See id.*

■ We sustain this portion of issue three. When an appellate court sustains a challenge that attorney's fees were not properly segregated, the remedy is to sever that portion of the judgment awarding

attorney's fees and to remand the cause for the issue to be relitigated. *See Sterling,* 822 S.W.2d at 11–12; *accord Chapa,* 212 S.W.3d at 314; *see also Brown v. Traylor,* 210 S.W.3d 648, 659–60 (Tex. App.-Houston [1st Dist.] 2006, no pet.) (holding that amount of attorney's fees was issue that was separable under Tex.R.App. P. 44.1(b) and that thus could be remanded for trial on that sole issue). On remand, the standard established by the Texas Supreme Court in *Chapa* for segregating attorney's fees will apply.

### F. Trial and Post–Trial Amendment of Pleadings

In pertinent part, HKDI and Duong phrase their issue two as follows: "The court will decide if the trial court properly granted Nguyen leave to amend or supplement her pleadings after trial to inject [the] new, immaterial, and prejudicial" affirmative defenses of waiver and estoppel. We have jurisdiction to consider this challenge because it does not relate solely to the forcible-detainer pleadings.

The focus of HKDI and Duong's brief is almost entirely on waiver and estoppel. However, the jury answered in the affirmative that the failure to obtain HKDI's written consent to the lease assignment was "excused" by waiver, estoppel, *and duress.* The trial court's judgment recited, "The Court finds that . . . the lease agreement was not breached by [Nguyen and Tu's] compliance with a Court Ordered assignment of [Tu's] lease interest in

relation to the dissolution of their partnership . . .," which appears to have been applying a variation of Nguyen's defensive theory of duress. The final judgment also awarded Nguyen possession.

"Generally speaking, an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment." *Britton v. Tex. Dep't of Criminal Justice,* 95 S.W.3d 676, 681 (Tex.App.-Houston [1st Dist.] 2002, no pet.). This rule exists because "if an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, then (1) we must accept the validity of that unchallenged independent ground . . . and thus (2) any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment." *Id.* (citation omitted). For example, "when independent jury findings fully support a judgment, an appellant must attack each independent jury finding to obtain a reversal." *Id.* at 682.

Given the phrasing of their issue, the fact that its focus is on the propriety of granting Nguyen leave to amend her petition, and that the affirmative defense of duress had already been pleaded before trial (and so did not require a trial amendment), HKDI and Duong have not challenged the jury's finding that duress excused the lease assignment without consent.[39] Under this charge, the jury's

---

**39.** In a few paragraphs in their opening and reply briefs, HKDI and Duong mention that the lease agreement's anti-assignment clause "nullifies" or "violates" the lease assignment as a matter of law, even if the assignment occurs "by operation of law," which might be a reference to the court's order to sign the lease assignment. The other times that they mention the anti-assignment clause, they do so in support of their jurisdictional or no-

evidence arguments, not as a challenge to the jury's duress finding. These brief statements do not amount to appellate challenges to the jury's duress finding. Additionally, as mentioned above, their issue two is phrased in terms of whether the trial court erred in allowing Nguyen belatedly to assert waiver and estoppel, which argument could not apply to duress, and HKDI and Duong expressly state that they "ha[ve] never challenged the merits

finding of duress supports, by itself, the judgment of possession rendered. Accordingly, any error in allowing Nguyen belatedly to amend her petition to assert the other affirmative defenses of waiver and estoppel is harmless as a matter of law.

We overrule issue two.

### Tu's Appeal

In three issues, Tu contends that the trial court erred in rendering judgment declaring that the lease and partnership assignments' indemnity provisions made Tu responsible for Nguyen's attorney's fees and awarding Nguyen $79,900 in attorney's fees against Tu, jointly and severally with HKDI and Duong. Tu bases her challenge on three grounds: (1) the court declared that the lease assignment did not breach the lease agreement with HKDI, which declaration allegedly eliminated the sole basis for contractual indemnity; (2) alternatively, the claims alleged against Nguyen did not fall within the indemnity agreements' unambiguous terms; and (3) Nguyen did not segregate evidence of her attorney's fees.

### A. Pertinent Facts

Two sets of indemnity provisions were at issue in the consolidated suit. The first set was included in the partnership assignment between Tu and Nguyen, and the second set was included in the lease assignment between them. We need to examine only the lease assignment's indemnity provision:

> Assignor [Tu] hereby indemnifies Assignee [Nguyen] and agrees to hold [Nguyen] harmless from and against *any and all* claims, demands, obligations, liabilities, *costs,* losses and expenses, including without limitation *attorney's fees resulting from or arising out of all provisions, agreements, obligations, covenants and conditions* which are or were provided or required to be paid, performed, discharged, and/or observed *prior to* the effective date of this Assignment by [Tu] under or in connection with the Lease [between HKDI and Tu and Nguyen].

(Emphasis added.)

In her pleadings filed in the consolidated suit, Nguyen asserted an indemnity claim against Tu, alleging that "[Tu's] actions would constitute a breach of contract and would bound [sic] her to an indemnification agreement to [Nguyen] and the partnership" and that "[Nguyen] is entitled to indemnification from [Tu] for damages for attorney fee [sic]."

▮ The jury question relevant to our discussion asked if "the 'assignment' from Tu to [Nguyen] was 'excused'" by waiver, estoppel, or duress. Because this jury question concerned affirmative defenses,[40] the question, its instructions, and its definitions impliedly assumed that the execution of the lease assignment without HKDI's prior written consent violated the terms of the lease agreement with HKDI.[41] The final judgment then recited as follows:

---

of the issue of possession," to which the merits of the duress defense relates.

**40.** *See* TEX.R. CIV. P. 94 (indicating that estoppel and duress are affirmative defenses); *In re S.A.P.,* 156 S.W.3d 574, 576 (Tex.2005) (quoting rule 94 concerning estoppel's being avoidance or affirmative defense); *In re EPIC Holdings, Inc.,* 985 S.W.2d 41, 57 (Tex.1998)

("Waiver is an affirmative defense"); *Hardin v. Hardin,* 597 S.W.2d 347, 348 (Tex.1980) (describing duress as affirmative defense).

**41.** "An affirmative defense 'seeks to establish an independent reason that the plaintiff should not recover' and is 'thus [a defense] of avoidance, rather than a defense in denial'; that is, it is a defense of confession and avoid-

The Court finds that, in interpreting the lease agreement as a whole, the lease agreement was not breached by [Nguyen's] and [Tu's] compliance with a Court Ordered assignment of [Tu's] lease interest in relation to the dissolution of the partnership which was done without the prior written consent of [HKDI].

. . . .

The jury returned a verdict as to [Nguyen's] affirmative defenses that the Court Ordered assignment of the lease interest, if the assignment was a breach of the [lease] agreement, was excused.

## B. Standards of Review and the Law

We review questions of law like those raised in Tu's first and second issues *de novo.* *See, e.g., State v. Delany,* 197 S.W.3d 297, 300 (Tex.2006); *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.,* 995 S.W.2d 647, 650–51 (Tex.1999) (instructing that interpretation of unambiguous contract is question of law, which is reviewed *de novo* ). Courts "may not expand the parties' rights or responsibilities beyond the limits agreed upon by them in the [indemnity] contract." *Ideal Lease Serv., Inc. v. Amoco Prod. Co.,* 662 S.W.2d 951, 953 (Tex.1983); *accord Crowder v. Scheirman,* 186 S.W.3d 116, 119 (Tex.App.-Houston [1st Dist.] 2005, no pet.) ("The supreme court requires that indemnity agreements be strictly construed to give effect to the parties' intent as expressed in the agreement.").

We apply the same standard of review and substantive law to Tu's third issue, concerning the failure to segregate attorney's fees, as we did to HKDI and Duong's

similar challenge. *See Chapa,* 212 S.W.3d at 313.

## C. The Effect of the Judgment's Recitation That No Breach Occurred

In her first issue, Tu argues that the judgment's recitation that "the lease agreement was not breached" negates any ground for indemnification. Specifically, Tu contends that only a breach of the lease agreement with HKDI could trigger her duty to indemnify Nguyen under the lease assignment between Tu and Nguyen.

We disagree. First, the judgment's recitation on which Tu relies indicates that the court found no breach *not* because the failure to obtain HKDI's prior written consent did not violate the lease agreement with HKDI, but instead because that violation was excused. The judgment's recitation that "the lease agreement was not breached *by [Nguyen's] and [Tu's] compliance with a Court Ordered assignment of [Tu's] lease interest,*" along with its reference to the jury's affirmative-defense finding that the "assignment" was "excused" by duress, can be read as a finding that duress excused the violation of the lease agreement. (Emphasis added.) Accordingly, viewed in context, the judgment's recitation on which Tu relies is not a finding that she did not violate any duties under the lease assignment.

Additionally, the scope of the lease assignment's indemnity provision was broad. Tu reads this indemnity provision restrictively, as being triggered only if Tu and Nguyen were held liable for having breached the lease agreement with HKDI. In contrast, the lease assignment's indemnity provision actually read as follows:

ance." *Hamm v. Millennium Income Fund, L.L.C.,* 178 S.W.3d 256, 268 (Tex.App.-Houston [1st Dist.] 2005, pet. denied) (quoting *In re C.M.,* 996 S.W.2d 269, 270 (Tex.App.-Houston [1st Dist.] 1999, no pet.) and *Great Am. Prods. v. Permabond Int'l,* 94 S.W.3d 675, 683 (Tex.App.-Austin 2002, pet. denied)).

Assignor [Tu] hereby indemnifies Assignee [Nguyen] and agrees to hold [Nguyen] harmless from and against any and all claims, demands, obligations, liabilities, costs, losses and expenses, including without limitation attorney's fees *resulting from or arising out of all provisions, agreements, obligations, covenants and conditions which are or were provided or required to be* paid, *performed,* discharged, and/or *observed prior to* the effective date of this Assignment by [Tu] under or in connection with the Lease [between HKDI and Tu and Nguyen].

(Emphasis added.) The indemnity provision was thus triggered by, among other things, costs that resulted from or arose out of any obligation (or other listed matter) that Tu had to perform under the lease agreement with HKDI. The scope of this language was thus broader than simply costs resulting from liability for the lease agreement's breach.

Tu was the party assigning her leasehold interest to Nguyen. The lease agreement required that "Tenant [Tu and Nguyen] ... not assign this Lease, or any interest therein, ... without first obtaining the written consent of [HKDI]" and that "[Tu and Nguyen] shall not sell, convey, or assign any interest in the corporation [sic] without prior written approval from [HKDI]." It is undisputed that HKDI's written consent to the lease assignment was not obtained prior to the assignment's execution. That failure came within the scope of the indemnity provision—whether or not the failure was ultimately excused by waiver, estoppel, or duress. The judicial recitation that "the lease agreement was not breached" did not, therefore, negate the contractual basis for indemnity.

We overrule Tu's first issue.

### D. The Challenge That the Claims Against Nguyen Fell Outside the Indemnity Agreement's Scope

 The lease assignment's indemnity provision required Tu to indemnify Nguyen only for failed obligations (or other listed matters) under the lease agreement that Tu had to perform "prior to" the lease assignment's execution. In her second issue, Tu alternatively argues that the failure to obtain HKDI's prior written consent to the lease assignment could not have occurred *before* the lease assignment was executed because the failure occurred *at the time of* the assignment's execution. We reject this argument. Although the lease agreement with HKDI was not violated until the moment that Tu and Nguyen signed the lease assignment, the obligation that Tu, as assignor, was required to perform under the lease agreement with HKDI was to obtain HKDI's *prior* written consent to the assignment, which failure necessarily occurred prior to the lease assignment's execution.

We overrule Tu's second issue.

### E. Nguyen's Failure to Segregate Attorney's Fees

In her third issue, Tu urges that the trial court erred in rendering judgment on the jury's verdict for attorney's fees because Nguyen failed to segregate the fees attributable to those claims for which fees were recoverable from those for which they were not. Tu preserved this challenge by charge objection. *See Sterling,* 822 S.W.2d at 10; *Young,* 102 S.W.3d at 420. We sustain Tu's third issue for the same reasons that we sustained the same argument under issue three of HKDI and Duong's appeal. The same remedy applies. *See Sterling,* 822 S.W.2d at 11–12; *see also Brown,* 210 S.W.3d at 659–60.

## Conclusion

We reverse those portions of the judgment awarding actual and punitive damages against HKDI and Duong on Nguyen's tort claims against them, and we render judgment that Nguyen take nothing on her tort claims against HKDI and Duong. We reverse that portion of the judgment awarding Nguyen attorney's fees against HKDI, Duong, and Tu, jointly and severally. We affirm the judgment of the trial court in all other respects. We remand the cause for the consideration of the issue of Nguyen's properly recoverable attorney's fees. *See* Tex.R.App. P. 44.1(b). This is a limited remand. *See Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986); *Hansen v. Acad. Corp.,* 961 S.W.2d 329, 331 (Tex.App.-Houston [1st Dist.] 1997, pet. denied).