Opinion issued April 30, 2009


 










    



In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-00055-CV
____________

WILLIAM DEAN McGEE, AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF HELEN McGEE, Appellant

V.

ROBERTA CAULFIELD, Appellee




On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2003-04450



 
MEMORANDUM OPINION

          Appellant, William Dean McGee (“McGee”), as personal representative of the
estate of Helen McGee (“Helen”), appeals from a final judgment, rendered after
partial summary judgment and jury trial, in Helen’s favor. Part of that judgment,
which incorporated earlier interlocutory summary judgment orders, awarded
$5,789.60 in liquidated damages to Helen for violations by appellee, Roberta
Caulfield (“Caulfield”), of section 5.077 of the Texas Property Code


 for failure to
provide Helen with annual accounting statements in an executory contract (“contract
for deed”) in 2002, 2003, and 2004. McGee complains that the trial court did not
award the amount of liquidated damages required by section 5.077 for these
violations. We determine whether the trial court erred in rendering a judgment of
$5,789.60 in liquidated damages as a penalty for these violations. We reverse the
portion of the trial court’s judgment awarding liquidated damages of $5,789.60 and
render liquidated damages in the amount of $300 as required by the statute. We
modify the portions of the judgment that recite awarded amounts affected by the
reversal and rendition and affirm both those portions and the remainder of the trial
court’s judgment.
Background
          Helen and Caulfield executed a contract for deed on July 1, 1993, for a
property at 3330 Woodbriar in Houston, Texas. Helen agreed to pay Caulfield
$46,000 plus interest, in monthly payments, and to fulfil other obligations related to
the land as required by the contract. Caulfield agreed to convey the property to Helen
by warranty deed when the entire principal amount, earned interest, and any other
debt owed under the contract was paid. In 2002, a dispute arose between Caulfield,
Helen, and Helen’s son, McGee, regarding the payoff amount for the property. 
Caulfield sued on and, on January 28, 2003, Helen sued Caulfield, seeking
declaratory relief and alleging breach of contract and fraud. Helen later added claims
for violations of the Texas Deceptive Trade Practices–Consumer Protection Act
(“DTPA”);


 for an accounting; for statutory, liquidated damages under section 5.077
of the Texas Property Code; and usury. Caulfield filed a counterclaim for breach of
contract and for malicious prosecution and abuse of process. 
          On July 21, 2004, Helen moved for partial summary judgment on the claim for
liquidated damages under section 5.077, seeking mandatory liquidated damages,
under the version of Texas Property Code section 5.077(c) then in effect,


 of $250
for each day after January 31 of each year that Caulfield had failed to provide the
required statement, a total of $206,250. Helen also sought attorney’s fees.
          Caulfield responded that Helen sought a windfall based on an unreasonable
application of section 5.077, which would award Helen damages equal to five times
the original $46,000 purchase price of the property. Caulfield did not dispute the
violation of section 5.077 or the calculation of damages sought under section
5.077(d), but she argued that (1) Helen had never requested an annual accounting
statement and had knowledge of the information that was required by the annual
accounting statement at all times; (2) Helen had not suffered any injury; and (3) the
penalty provided for by section 5.077 constituted “exemplary damages” subject to the
limitations of Chapter 41 of the Texas Civil Practice and Remedies Code, violated
the “excessive fines” provisions of the Texas and United States Constitutions, and 
had to bear a reasonable relationship to actual damages.
          On April 7, 2005, the trial court granted Helen’s motion for partial summary
judgment on her claim under section 5.077. The partial summary judgment order
dated April 7, 2005, recited:
On this date, the court considered Plaintiff’s Motion for Partial
Summary Judgment under Section 5.077 of the Texas Property Code and
grants the motion. However, the court declines to award a penalty of
$250.00 per day for the failure to provide the accounting. The court
awards as a penalty, [sic] the amount of the late charges assessed against
Helen McGee from February 1, 2002 until July 31, 2004.

           On June 5, 2005, Helen filed a motion to clarify the summary judgment order. 
She noted that the trial court had declined to award the statutory liquidated damages
amount of $250 per day for the failure to provide the annual accounting statement and
had instead ordered “the amount of late charges assessed against [Helen] from
February 1, 2002 until July 31, 2004.” Helen asked the trial court to clarify what
monetary amount had been awarded to her and offered her own calculation of
$73,407.71. No response to this motion appears in the record on appeal.
          On June 15, 2005, the trial court issued an order on Helen’s motion to clarify,
which read: 
On this day the Court considered Plaintiff’s Motion to Clarify Summary
Judgment Order and Defendant’s Response. The court DENIES
Plaintiff’s Motion and re-asserts its previous ruling that Plaintiff is
awarded only late fees assessed after February 1, 2002 and until July 31,
2004 in the amount of $5789.60.

          That same day, Helen’s claims for breach of the contract for deed, damages,
fraud, DTPA violations, and attorney’s fees went to trial, and the jury found Caulfield
liable for breach of the contract for deed, fraud, misrepresentations, and unreasonable
charges of late fees and interest. The jury also awarded attorney’s fees to Caulfield
pursuant to a counterclaim. The trial court ordered the parties to post-trial mediation.
          On May 22, 2006, Helen filed a motion to reconsider the partial summary
judgment order, requesting that the order be modified from an award of $5,789.60 to
an award of $200,000, arguing that section 5.077(c) mandated the award of $250 per 
day in liquidated damages, and citing two recent appellate court decisions addressing
section 5.077.


 The trial court denied the motion to reconsider. 
          The trial court rendered final judgment for McGee as personal representative
for the estate of Helen


 against Caulfield, on December 19, 2006, in the amount of
$211,583.48. This amount included “statutory liquidated damages in the amount [of]
$5,789.60 under Texas Property Code section 5.077(c) in accordance with the Court’s
summary judgment order dated April 7, 2005, and order dated June 15, 2005[.]”
          In his sole issue on appeal, McGee argues that the trial court erred in rendering
a judgment awarding damages of $5,789.60, rather than liquidated damages in the
amount of $206,250, which McGee argues was mandated by the version of section
5.077(c) in effect prior to the present version. He requests that this Court reverse the
portion of the final judgment awarding him $5,789.60 and render judgment in his
favor for $206,250.



          Caulfield does not dispute that she did not provide accounting statements as
required by section 5.077(a) or that the amount of liquidated damages as calculated
under the version of section 5.077 that McGee asserts is applicable would total
$206,250. Instead, she contends that damages should be determined under the
present version of section 5.077, specifically section 5.077(c), and that the judgment
modified accordingly. Standard of Review
          We review contentions of error in the rendition of judgment based on questions
of law de novo. Hong Kong Dev., Inc. v. Nguyen, 229 S.W.3d 415, 458 (Tex.
App.—Houston [1st Dist.] 2007, no pet.). Statutory interpretation is also a question
of law that we review de novo. Cardinal Health Staffing Network, Inc. v. Bowen, 106
S.W.3d 230, 237 (Tex. App.—Houston [1st Dist.] 2003, no pet.). In interpreting a
statute, “[o]ur primary goal is to ascertain and effectuate the Legislature’s intent.” Id.
In carrying out this duty, “we begin with the statute’s plain language because we
assume that the Legislature tried to say what it meant and, thus, that its words are the
surest guide to its intent.” Id. at 237–38. “In ascertaining legislative intent, we do
not confine our review to isolated statutory words, phrases, or clauses, but we instead
examine the entire act.” Id. at 238. “We may also consider, among other things, the
statute’s objectives; common law, former law, and similar provisions; and the
consequences of the statutory construction” Id. (citing Tex. Gov’t Code Ann.
§ 311.023 (Vernon 2005)). We may further consider the circumstances under which
the statute was enacted and the evil that the statute was intended to remedy. See Tex.
Gov’t Code Ann. § 311.023(1), (2); see also id. § 312.005 (Vernon 2005) (“In
interpreting a statute, a court shall diligently attempt to ascertain legislative intent and
shall consider at all times the old law, the evil, and the remedy.”).

Application of Penalty
A.      Texas Property Code section 5.077 
          Texas Property Code section 5.077 requires the seller of property under an
executory contract to provide the purchaser with an annual statement that includes
certain statutorily required information in January of each year for the term of the
executory contract. See Tex. Prop. Code Ann. § 5.077(a),(b) (Vernon Supp. 2008). 
Section 5.077 also provides a private cause of action for the purchaser against the
seller for relief in the form of a civil penalty for liquidated damages and attorney’s
fees if the seller fails to provide the required annual statement. See id. § 5.077(c),(d)
(Vernon Supp. 2008); Flores v. Millennium Interests, Ltd., 185 S.W.3d 427, 432–34
(Tex. 2005) (holding that section 5.077, as amended in 2001, provided purchaser with
statutory right to liquidated damages and attorney’s fees for seller’s violation and
characterizing liquidated damages of section 5.077(c) as penalty that did not require
proof of any actual harm as prerequisite for recovery); see also Brown v. De La Cruz,
156 S.W.3d 560, 564–65 (Tex. 2004) (discussing private causes of action for
statutory penalties and interpretation of 2001 amendments to section 5.079 of Texas
Property Code that contained language identical to amendments of section 5.077). 
          At the time of the filing of McGee’s motion for summary judgment, the section
of 5.077 providing a private cause of action against the seller read:
 
(c)     A seller who fails to comply with Subsection (a) [providing
annual accounting statement] is liable to the purchaser for:
 
(1)liquidated damages in the amount of
$250 a day for each day after January
31 that the seller fails to provide the
purchaser with the statement; and 
 
(2)reasonable attorney’s fees.
 
Act of May 18, 2001, 77th Leg., R.S., ch. 693, § 1, 2001 Tex. Gen. Laws 1317,
1326–27 (amended 2005) (hereinafter “the 2001 version”). The enacting legislation
for the 2001 version of subsection (c) specifically provided that it applied only to
violations that occurred on or after September 1, 2001.


 See id. at § 3(h), 2001 Tex.
Gen. Laws 1317, 1328. 
          On May 26, 2005, the Legislature amended subsection (c) of section 5.077 and
added subsection (d).


 The enacting legislation provided an effective date of
September 1, 2005, and did not include a savings provision applicable to section
5.077.


 As amended, the two subsections read:
          (c)     A seller who conducts less than two transactions in a 12-month
period under this section who fails to comply with Subsection (a)
is liable to the purchaser for:
 
(1)liquidated damages in the amount of $100 for each
annual statement the seller fails to provide to the
purchaser within the time required by Subsection
(a); and 
 
(2)reasonable attorney’s fees.
 
(d)A seller who conducts two or more transactions in a
12-month period under this section who fails to comply
with Subsection (a) is liable to the purchaser for:
 
(1)liquidated damages in the amount of $250 a day for
each day after January 31 that the seller fails to
provide the purchaser with the statement, but not to
exceed the fair market value of the property; and
 
(2)reasonable attorney’s fees.
 
Tex. Prop. Code Ann. § 5.077(c), (d) (hereinafter “current version” or “2005
version”). Like the 2001 version of section 5.077(c), the current version’s
subsections (c) and (d) do not relate the award of “liquidated damages” to any actual
damages and so are civil penalties. See id. § 5.077(c), (d); see also Op. Tex. Att’y
Gen. No. GA-0418 (2006) (determining that 2005 version of section 5.077 was a
“statute that imposes a penalty”); Heigel v. McComas, No. 11-06-00134-CV, 2007
WL 2823687, at *2 (Tex. App.—Eastland Sept. 27, 2007, pet. denied) (memo op.)
(holding that liquidated damages provision of section 5.077 acted as penalty). 
B.      Violations occurring between September 1, 2001, and September 1, 2005

          When a statute providing the right to recover particular damages as a statutory
penalty is amended before a claimant has been granted final relief on his claim for
such damages, relief cannot be granted pursuant to prior statutory provisions unless
there exists a savings clause that provides for the continued application of the prior
provisions. See Quick v. City of Austin, 7 S.W.3d 109, 128 (Tex. 1999) (op. on reh’g)
(“When a right or remedy is dependent on a statute, the unqualified repeal of that
statute operates to deprive the party of all such rights that have not become vested



or reduced to final judgment.”); Knight v. Int’l Harvester Credit Corp., 627 S.W.2d
382, 384 (Tex. 1982) (stating that “[t]his court has frequently held that if a cause of
action is based on a statute, the repeal or amendment of that statute without a savings
clause is given immediate effect” and “if final relief has not been granted before the
repeal goes into effect, it cannot be granted thereafter”) (citations and quotation
marks omitted); Am. Honda Motor Co. v. Tex. Dept. of Transp.–Motor Vehicle
Division, 47 S.W.3d 614, 621–22 (Tex. App.—Austin 2001, pet. denied) (noting that
“[a]s the Texas Supreme Court recognized, in the absence of a saving clause,
amendment or repeal of a statute abrogates all causes of action based upon the old
law”); see also Nat’l Carloading Corp. v. Phoenix-El Paso Express, Inc., 176 S.W.2d
564, 568–69 (Tex. 1943).


 Where a savings clause exists, the extent of the
preservation of a prior right or remedy is limited by the terms of the savings clause. 
Am. Honda Motor Co., 47 S.W.3d at 622 (noting that inclusion of savings clause
preserved “rights, remedies, or privileges that the general enactment would otherwise
destroy” but holding that clause would “not be held to embrace anything which is not
fairly within its terms”).
          The 2005 legislation amending subsection (c) and enacting subsection (d),
effective September 1, 2005, did not contain a savings clause addressing the effect
of the amendments on penalties for violations occurring after September 1, 2001, but
prior to September 1, 2005. However, Texas Property Code section 1.002 provides
that Chapter 311 of the Texas Government Code (the “Code Construction Act”)
applies to the construction of each provision of the Texas Property Code, except as
otherwise expressly provided by such code. Tex. Prop. Code. Ann. § 1.002 (Vernon
2004). Section 311.031 of the Code Construction Act codifies Texas’s general
savings clause, stating:
(a)     Except as provided by Subsection (b), the reenactment, revision,
amendment, or repeal of a statute does not affect:
 
          (1)     the prior operation of the statute or any prior action taken
under it;
 
          (2)     any validation, cure, right, privilege, obligation, or liability
previously acquired, accrued, accorded, or incurred under
it;
 
          (3)     any violation of the statute or any penalty, forfeiture, or
punishment incurred under the statute before its
amendment or repeal; or
 
          (4)     any investigation, proceeding, or remedy concerning any
privilege, obligation, liability, penalty, forfeiture, or
punishment; and the investigation, proceeding, or remedy
may be instigated, continued, or enforced, and the penalty,
forfeiture, or punishment imposed, as if the statute had not
been repealed or amended.
 
(b)     If the penalty, forfeiture, or punishment for any offense is reduced
by a reenactment, revision, or amendment of a statute, the penalty,
forfeiture, or punishment, if not already imposed, shall be
imposed according to the statute as amended. 
 
 Tex. Gov’t Code. Ann. § 311.031(a), (b) (Vernon 2005); see also Quick, 7 S.W.3d
at 129. 
          In the case before us, because the liquidated damages provisions of section
5.077 impose “penalties,”


 and because the 2005 amendment reduced the penalties
provided for by section 5.077,


 section 311.031(b) is the applicable savings clause. 
Under such a savings clause, the reduced penalties of the 2005 amendment are to be
imposed in the grant of a claim pursuant to section 5.077 if no final judgment
imposing a penalty under section 5.077 has already been rendered prior to the date
of the amendment. See id. § 311.031(b); Heigel, 2007 WL 2823687, at *2 (holding
that when penalty under section 5.077(c) was not already imposed at time of
amendment of statute, amended statute applied); accord Op. Tex. Att’y Gen. No. GA-0418 (opining that seller who failed to provide annual statements between January
31, 2002, and August 31, 2005, “would only be liable for the amounts under current
section 5.077(c) because that language reduces the penalty” and concluding that
“current section 5.077(c) applies retroactively” and “controls in any lawsuit the basis
of which is a violation of former section 5.077’s terms that occurred after September
1, 2001”);


 Quick, 7 S.W.3d at 128 (holding that unqualified repeal of statute
deprives party of rights not vested or reduced to final judgment).
C.     Analysis 
          The trial court’s orders of April 7, 2005, and June 15, 2005, stated an award of
damages for McGee, but did not render a final judgment imposing liability on
Caulfield for this award. These interlocutory orders were incorporated into the
judgment of December 19, 2006, wherein the trial court specifically rendered final
judgment for McGee against Caulfield for “statutory liquidated damages in the
amount [of] $5,789.60 under Texas Property Code section 5.077(c),” making such
award of damages final, appealable, and enforceable against Caulfield.
          The final judgment imposing a penalty under section 5.077(c) against Caulfield
and granting final relief to McGee was not rendered until more than a year after the
effective date of the 2005 amendment of section 5.077(c), which reduced the
penalties applicable to violations of section 5.077(a). At the time of the rendition of
final judgment, therefore, the penalties required to be imposed under section 5.077
were the reduced penalties for which the 2005 amendments provided. See Tex.
Gov’t. Code. Ann. § 311.031(b); Act of May 26, 2005, 79th Leg., R.S., ch. 978,
§ § 5, 8, 2005 Tex. Gen. Laws 3280, 3282, 3285; Heigel, 2007 WL 2823687, at *2;
Op. Tex. Att’y Gen. No. GA-0418. Because there was evidence in the record that
Caulfield conducted fewer than two “contract-for-deed” transactions in a 12-month
period,


 the trial court should have calculated liquidated damages under the current
section 5.077(c) and awarded McGee $100 in liquidated damages for each year for
which an annual statement was not provided. We hold that the trial court erred in
rendering a final judgment awarding McGee the sum of $5,789.60 for the violations
of section 5.077(a), we sustain in part McGee’s sole issue, and we reverse the portion
of the trial court’s judgment rendering liquidated damages in the amount of $5,789.60
for the violations of section 5.077(a). 
          McGee asks us to render judgment, asserting that “[t]his Court’s award of the
specific liquidated damages mandated by the statute” would “comport[] with the clear
purpose and intent behind the law.”


 Under the Texas Rules of Appellate Procedure,
we must render the judgment that the trial court should have rendered, except when
a remand is necessary for further proceedings or the interests of justice require a
remand for a new trial. Tex. R. App. P. 43.3. The amount of liquidated damages
mandated by section 5.077(c)(1) is determinable from the record before us, and we
therefore need not remand for further proceedings. We render judgment of $300 as
liquidated damages for the violations of section 5.077(a).




Conclusion
          We reverse the portion of the trial court’s judgment awarding liquidated
damages in the amount of $5,789.60 and render judgment awarding $300 in
liquidated damages pursuant to section 5.077(c)(1). We modify the portions of the
judgment that recite awarded amounts affected by the reversal and rendition, affirm
these portions of the judgment as so modified, and affirm the remainder of the
judgment not reversed. All pending motions are denied.




 
Tim Taft
Justice


Panel consists of Justices Taft, Keyes, and Alcala.