**Opinion issued April 16, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00677-CV

————————————

**KELVIN THAOQUOC TRAN, Appellant**

**V.**

**TRAN ASSETS MANAGEMENT, LLC, Appellee**

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1182808**

---

## MEMORANDUM OPINION

In this forcible detainer suit, Kelvin Thaoquoc Tran appeals the county court at law's judgment granting possession of property to Tran Assets Management, LLC ("TAM"). Tran contends the county court lacked jurisdiction over TAM's forcible detainer suit because a title dispute had to be resolved in district court first. Because

resolving the title dispute was not a prerequisite to determining the right of possession, we conclude the county court had jurisdiction. And we affirm its judgment.

## Background

Tran obtained a loan secured by a deed of trust. The deed of trust secured repayment of the loan by placing a lien on the real property located at 4317 Willowbend Boulevard, Houston, Texas, 77035. The deed of trust authorized foreclosure of the lien if Tran defaulted on his payment obligation. Further, the deed of trust required Tran, after a foreclosure sale, to "immediately surrender possession to the purchaser" or else "become a tenant at sufferance of the purchaser, subject to an action for forcible detainer."

Tran stopped making payments on the loan, and the trustee foreclosed the lien. The property sold at the foreclosure sale to TAM. Two weeks later, TAM gave Tran written notice to vacate the property. When Tran refused, TAM sued for forcible detainer in the justice court. The justice court rendered judgment for possession in TAM's favor.

Tran appealed to the county court at law. He also filed a separate, wrongful foreclosure suit in the district court. In the county court, Tran argued that TAM's forcible detainer claim must be dismissed because the issues of possession and title were inextricably intertwined, the district court had exclusive jurisdiction to decide

2

title, and thus, the county court lacked subject matter jurisdiction to determine possession. The county court disagreed, proceeded to a trial de novo on possession, and rendered judgment in TAM's favor.

## Subject Matter Jurisdiction

Tran argues that the county court lacked subject matter jurisdiction over the forcible detainer suit because the district court had to resolve title before the county court could resolve possession. We disagree.

### A. Standard of Review

Whether a court has subject matter jurisdiction is a question of law we review de novo. *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 279 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Black v. Wash. Mut. Bank*, 318 S.W.3d 414, 416 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.).

### B. Jurisdiction over forcible detainer suits

Justice courts—and county courts on appeal by trial de novo—have jurisdiction to determine forcible detainer suits. *See* TEX. PROP. CODE § 24.004(a); TEX. GOV'T CODE § 27.031(a)(2); *see also* TEX. R. CIV. P. 510.10(c). A forcible detainer suit is "meant to be a speedy, simple, and inexpensive means of determining the right to possession of the premises." *Mendoza v. Bazan*, 574 S.W.3d 594, 602 (Tex. App.—El Paso 2019, pet. denied); *see Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). The only issue a justice court may decide in a

3

forcible detainer suit is the right to immediate possession of property. TEX. R. CIV. P. 510.3(e). The justice court does not have jurisdiction to determine title to the property. *Id.*; *see* TEX. GOV'T CODE § 27.031(b); *see also Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 437 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (op. on reh'g) (judgment of possession in forcible detainer action determines only right to "immediate possession," not "ultimate rights of the parties" to any other issue relating to property). And the county court does not have jurisdiction over a forcible detainer appeal unless the justice court had jurisdiction. *Hong Kong Dev.*, 229 S.W.3d at 434.

Of course, the "mere existence" of a title dispute concerning property does not deprive a justice or county court of jurisdiction. *Mendoza*, 574 S.W.3d at 602; *Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 563 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("If the title issue does not control the right to possession, it is of no moment."). The justice and county courts lack jurisdiction only if the right to immediate possession "necessarily requires the resolution of a title dispute such that the issues of title and possession are necessarily intertwined." *Mendoza*, 574 S.W.3d at 602; *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (justice court is deprived of jurisdiction "only if resolution of a title dispute is a prerequisite to determination of the right to immediate possession").

4

Courts have repeatedly held that justice and county courts have jurisdiction when a deed of trust expressly provides that, upon a foreclosure sale, the borrower becomes a tenant at sufferance and may be removed by the purchaser through forcible detainer proceedings. *See, e.g.*, *Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 35 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Bruce v. Fed. Nat'l Mortg. Ass'n*, 352 S.W.3d 891, 893–94 (Tex. App.—Dallas 2011, pet. denied); *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 558–59 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.). In such cases, the deed of trust creates a landlord-tenant relationship between the borrower and the purchaser. *Bruce*, 352 S.W.3d at 893.

Even if a borrower argues that a foreclosure was wrongful, the deed-of-trust-created landlord-tenant relationship is an independent basis for the justice or county courts to conclude that the purchaser has the right to immediate possession, and the courts are not required to determine the wrongful foreclosure question. *See Villalon v. Bank One*, 176 S.W.3d 66, 71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *Dormady*, 61 S.W.3d at 559. The borrower is entitled to pursue their wrongful foreclosure claim—a title determination—in district court.[1] *See Villalon*, 176

---

[1] Because a forcible detainer action is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this state, the displaced party is entitled to bring a separate suit in the district court to determine the question of title. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). Forcible detainer

S.W.3d at 71. But the justice and county courts have jurisdiction to determine the immediate right of possession, which is the sole issue in forcible detainer actions. *See id.*

That is the circumstance here. Tran purchased property subject to the deed of trust. In the deed of trust, Tran agreed that if he defaulted on his payment obligation, the lender could foreclose the lien and that, if he did not surrender possession of the property, he would be a tenant at sufferance of the foreclosure-sale purchaser and subject to a forcible detainer suit.

The county court received evidence, without objection, that Tran stopped paying the loan, the trustee foreclosed the lien on the property, TAM purchased the property at the foreclosure sale, and Tran occupied the property as a tenant at sufferance and hold over after a written demand to vacate the property. Thus, even though Tran disputed whether TAM acquired title through a wrongful foreclosure, the landlord-tenant relationship created by the deed of trust's tenant-at-sufferance clause presented an independent basis for the county court to determine the right of immediate possession without resolving the underlying title dispute. *Glapion v. AH4R I TX, LLC*, No. 14-13-00705-CV, 2014 WL 2158161, at *2 (Tex. App.— Houston [14th Dist.] May 22, 2014, no pet.) (mem. op.) ("Where the party to be

---

actions in justice courts may be brought and prosecuted concurrently with suits to try title in district court. *Id.*

evicted is subject to a tenant-at-sufferance clause, and the party seeking possession purchased the property at a foreclosure sale and gave the plaintiff proper notice, defects in the foreclosure process are not relevant to possession."). We therefore hold that the questions of possession and title were not so intertwined as to deprive the county court of subject matter jurisdiction over TAM's forcible detainer suit.

We overrule Tran's sole issue on appeal.[2]

## Conclusion

We affirm the county court's judgment.

Sarah Beth Landau
Justice

Panel consists of Justices Goodman, Landau, and Hightower.

---

[2] To the extent Tran challenges the county court's exclusion of evidence of "the wrongfulness of the foreclosure" at the trial de novo, that issue is waived because of inadequate briefing. An appellant's brief must "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record," but any evidentiary complaint from Tran is raised only through conclusory assertions unsupported by legal citations. *See* TEX. R. APP. P. 38.1(i). That is not sufficient. *See id.*; *see also Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). Failure to cite legal authority or provide substantive analysis of the legal issue results in waiver of the complaint. *Guimaraes v. Brann*, 562 S.W.3d 521, 538 (Tex. App.—Houston [1st Dist.] 2018, pet. denied); *Abdelnour v. Mid Nat'l Holdings, Inc.*, 190 S.W.3d 237, 242 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (appellant waived issue because appellant's brief provided "no citation to the record, nor any discussion of relevant or analogous authorities to assist the Court in evaluating its claim").